Tratnik v. Kalish.

## LIBEL AND SLANDER.

[Cuyahoga (8th) Court of Appeals, 1915.]

(Ferneding, Allread and Kunkle, of the second district, sitting by designation.)

*TRATNIK v. KALISH ET AL.

**Publication Warning Countryman that Another did "Take" Money from Writer Libelous per se.**

Publication of the following is libelous per se: "An honest man is M. Tratnik, whom I noticed take some money from me and from somebody else. Therefore countrymen beware of him."

[Syllabus by the court.]

ERROR.

*H. L. Eastman,* for plaintiff in error.
*Patterson & Neiding,* for defendant in error.

## ALLREAD, J.

M. Tratnik brought suit in municipal court against Edward Kalish and others, doing busines as the "*Slevelanska--Amerika,*" to recover damages for the publication of an article in the Slavonic language, of which the following is an English translation:

"An honest man is M. Tratnik, whom I noticed to take some money from me and from somebody else. Therefore countrymen beware of him.

"MIH BUCAR."

It was averred that the publication was false and malicious and that the intended meaning was that the "plaintiff was a thief, and therefore not a safe man to be trusted by his fellow countrymen."

There was a verdict and judgment in municipal court for $125 and costs. This judgment was reversed in the court of common pleas: "For the reason, that the statement of claim is not sufficient in law, and is erroneous in refusing to direct a verdict for defendant below."

---

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, February 15, 1916.

The sufficiency of the statement of claim and of the evidence depends largely, if not wholly, upon whether the publication is libelous *per se*.

The rule many times announced in Ohio is thus stated in the recent case of *Cleveland Leader Printing Co.* v. *Nethersole*, 84 Ohio St. 118 [95 N. E. 735; 23 Ann. Cas. 978]:

"In an action to recover for an alleged libel the question whether the publication is or not libelous *per se* is a question for the court. (*Mauk* v. *Brundage*, 68 Ohio St. 89 [67 N. E. 152].) And where the publication is, as matter of law, not libelous *per se*, and no evidence has been given tending to show special damage, it is the duty of the court to sustain a motion by defendant, made at the close of the evidence, to direct the jury to return a verdict for defendant."

The innuendo as to the intended meaning is sufficient to charge a libel *per se*, providing the published words are fairly susceptible of such meaning.

This brings us to the meaning of the published words.

There was some controversy in oral argument over the translation, but the English translation seems to be conceded in the answer, and the question of translation raised in argument is therefore not before us.

The arguments of counsel are directed chiefly to an interpretation of the word "take."

The counsel for plaintiff in error contends that the word "take" has a criminal meaning, while counsel for defendant in error insist that its meaning is innocent.

Many adjudicated cases are cited involving an interpretation of the word "take," when used in the discourse in libel and slander cases. Some of these cases sustain the contention of the plaintiff and some that of the defendant.

The adjudicated cases may be reconciled upon the theory that the meaning of the word "take" is flexible and controlled by the context.

The introductory clause in the discourse declared upon was undoubtedly used in an ironical sense, and to give coloring to the specific acts. This laconic sentence descriptive of the man first strikes attention and prepares the reader's mind for the

specific charge. The concluding anathema is intended to leave the final impression.

The intermediate clause forming the gist of the charge makes prominent the detection and thereby leaves a possible inference of stealth and secrecy in regard to the taking of the money.

The word "take" as controlled by the context we think is susceptible of a criminal meaning and may sustain the innuendo charged in the petition. The publication as charged in the petition was therefore libelous *per se*.

We are of the opinion that the statement of claim in the municipal court was sufficient and that the court properly overruled the motion to take the case from the jury.

We are of the opinion that there was no prejudicial error in the rulings and charge of the court and that the evidence was sufficient to support the verdict of the municipal court.

It therefore follows that the judgment of the court of common pleas should be reversed and that of the municipal court affirmed.

Judgment reversed.

**Ferneding** and **Kunkle, JJ.,** concur.