Richards, J.
The petitioner, Samuel Elmer Rhynard, has duly applied to this court for a writ of habeas corpus, counsel representing the defendant have been notified, and the application heard on its merits.
It is claimed that the petitioner is unlawfully restrained of his liberty in the jail of Lucas county by Robert S. Gardner, sheriff of said county. On hearing it appeared that the petitioner had begun an action in 1914 for divorce from his wife, Pernie Rhynard, and that such, proceedings were had that he was granted a divorce from her in the court of common pleas. The parties had two minor children. Shortly after the decree of divorce was rendered, which also provided for the custody of the minor children, the cause, came on further to be heard on a motion of Mrs. Rhynard to modify the decree as to the custody of the children, and the decree was thereupon so modified as to give her the custody of one of the children until the further order of the court, and to give the nominal custody of the other child to the husband so long as the child remained in The Ohio Soldiers’ and Sailors’ Orphans’ Home in Xenia. The portion of the order immediately following is claimed to be beyoftd the power and jurisdiction of the court; and is that against which special complaint is made, and for the failure to comply with which the petitioner is imprisoned. It reads as follows:
“It is further ordered that commencing May 1st, 1915, and on the first day of each and every month *264 thereafter,' until further order of the Court, the plaintiff Samuel E. Rhynard pay to the Clerk of the Common Pleas Court of Lucas county, Ohio, the sum of Twenty ($20.00) Dollars, which said money shall be kept intact by said Clerk of Court for the future use and benefit of said minor children until further order of this Court.”
A careful examination of the language of this portion to which objection is particularly made will disclose that it is not subject to all of the criticisms charged against it, It is said that the court had no power or jurisdiction to provide for the accumulation of a fund which might be used at some time in the future for the benefit of the minor children. The children had, of course, been supported in the past, and the language of the decree prohibits using the money to be paid by the father of the children in satisfaction of any claim for their support already furnished, and contemplates that it shall only be used for such support as may be furnished them after the date of the decree. The court would, of 'course, retain jurisdiction of the children thereafter without specifically so providing .in the decree, but the decree, nevertheless, clearly and by particular language retains such jurisdiction and control of the children and the fund, subject to the further order of the court. It can not fairly be said that the decree contemplates the accumulation indefinitely of a fund to be used in the remote future for the benefit of the children. A more reasonable construction is that the order contemplates the payment of the money to the clerk of the court of common pleas to be safely kept until the court should be better advised as to the specific applica *265 tion to be made of it for the benefit of the minor children. That determination might be made at any time after entering the decree providing for the payment. We are of the opinion that the court had jurisdiction to make this order and did not exceed its power in so doing, and its judgment can not be collaterally impeached in habeas corpus proceedings. Bly v. Smith, Sheriff, 94 Ohio St., 110.
Samuel Elmer Rhynard was prosecuted in contempt proceedings for failure to comply with this order. He .was adjudged to be guilty and was sentenced to pay a fine of fifty dollars and the costs of prosecution, and to be committed to the Lucas county jail for á period of ten days and to stand committed until the fine and costs were paid; or until he was otherwise released according to law. The conviction was evidently under Section 12142, General Code, which reads as follows:
“Sec. 12142. The court shall then determine whether the accused is guilty of the contempt charged. If it be adjudged that he is guilty, he may be fined not exceeding five hundred dollars, or imprisoned not more than ten days, or both.”
Statutes authorizing punishment for contempt must be strictly construed, and nowhere in this section is there contained any authority to adjudge that the defendant shall be imprisoned until the fine and costs are paid. The sentence may be for such sum as is warranted by the facts and within the limitation named in the section, but the sentence of imprisonment can not exceed the limit specified in the statute, to-wit, ten days. In the case under consideration the sentence is that the petitioner be confined in the jail until the fine and costs are paid, *266 or until he is otherwise released according to law. The court was without power to sentence the petitioner otherwise than, as fixed by the terms of the statute.
The principle has been directly so announced in Lubbering v. The State of Ohio, 19 C. C., 658, and has been reannounced by the circuit court of this county in Miller and Diehl v. The Toledo Grain & Milling Co., 21 C. C., 326. It follows that the writ of habeas corpus should issue and that the petitioner is entitled to his discharge from this sentence.
We discover, however, no illegality apparent in the record in the conviction of the defendant on the charge of contempt, and the petitioner is not, therefore, entitled to his discharge without reasonable opportunity being given to the proper authorities to see that he is re-sentenced on said conviction. I call attention to Medley, Petitioner, 134 U. S., 160, 174; also, Savage, Petitioner, Id., 176; also In re Bonner, Petitioner, 151 U. S., 242. The proper procedure in cases of this character is discussed and clearly announced in 12 R. C. L., 1252, Section 70. In the cases above cited the supreme court of the United States had under consideration a situation where the sentence was illegal but the conviction lawful, and were confronted with the practical question of what should be done with the petitioner when the writ of habeas corpus was issued; and in each case delayed the taking effect of the order until such time as the proper authorities could be notified and have opportunity to take such action as they saw fit.
*267 While the writ of habeas corpus is awarded in this case, and the petitioner ordered discharged, a copy of this opinion will be furnished to the trial judge in the court of common pleas who sentenced the petitioner, for such further action as he may wish to take on the conviction of the petitioner in the contempt proceedings.
The discharge in habeas corpus is ordered not to take effect until four o'clock, this afternoon.
Of course nothing in this opinion is intended to express the views of this court in a case in which the contempt consists in the omission to do an act which the accused can yet perform, and the finding and judgment of the court so show, as provided in Section 12143, General Code.

Writ allowed.

Chittenden, and Kinkade, JJ., concur.