Allread, J.,
of the Second District, sitting in place of Shields, J. Elizabeth Mary Graff, executrix of the last will and testament of George Graff, deceased, seeks by a petition filed in this court to vacate or modify a judgment rendered by the circuit court, on appeal, at the March term, 1900, ordering the plaintiff, George Graff, now deceased, to pay as alimony for the support of Louisa Graff *261 the sum of $25 per month during her natural life, or until the further order of said court.
The case is submitted at this time upon motions of the respective parties for judgment on the pleadings.
The defendant first objects to the jurisdiction of the court of appeals. It is contended that final judgment having been rendered in the circuit court, and there having been no pending action or proceeding in the circuit court when the constitutional amendment providing for the court of appeals became effective, this court is without jurisdiction to disturb the original judgment.
The judicial amendment creating the court of appeals provides:
“The courts of appeals shall continue the work of the respective circuit courts and all pending cases and proceedings in the circuit courts shall proceed to judgment and be determined by the respective courts of appeals, * * * and the circuit courts shall be merged into, and their work continued by, the courts of appeals.”
The first clause treats in the conjunctive of the' work of the circuit court and the disposition of pending cases and proceedings. The new court was, by this provision, to continue the work of the circuit court as well as to dispose of pending cases.
The draftsman of this section, with a view evidently of securing a broad interpretation, added the second paragraph above quoted. By such paragraph the circuit courts were not in a legal sense abolished; but were merged into the courts of appeals. The court of appeals, therefore, represents the circuit court not only as to active cases pending *262 on January 1, 1913, but as to all jurisdiction which the circuit court had over judgments theretofore entered.
This we think is the reasonable and natural interpretation of the terms employed in the constitutional amendment, and is in line with the decision in the case of State, ex rel. Chittenden, v. Harmon, Governor, 87 Ohio St., 364. The fact that alimony cases are not appealable does not affect the jurisdiction of the court of appeals over a case properly appealed to the circuit court and coming up for consideration by the court of appeals as successor of the circuit court.
It is next contended that the judgment of the circuit court in 1900 was not one for alimony, but was for a division of the property under Section 11993, General Code, and, therefore, not subject to the continuing jurisdiction of the court in which the judgment was rendered. Counsel for defendant in this connection cite the case of Hassaurek v. Markbreit, Admr., 68 Ohio St., 554. Counsel for plaintiff cite the case of Ulney v. Watts, 43 Ohio St., 499.
These cases may be reconciled when the judgment under review in each case is considered. The Hassaurek case was upon a judgment under Section 11993, General Code. The actual judgment was before the court. The case of Ulney v. Watts was disposed of on demurrer to the petition, wherein it was alleged that the judgment was one for alimony, and there was nothing in the petition to indicate that it was not a judgment for alimony. The condition of the present case, when we consider the averments of the petition, is parallel to *263 the case of Ulney v. Watts. It does not appear in the petition here that the divorce was granted to the plaintiff upon the aggression of the wife, and consequently the court will be required to assume, at this stage, that the judgment is what the plaintiff claims, to-wit, a judgment for alimony and subject to the continuing jurisdiction of the court. Furthermore, the original judgment directing the payment of $25 per month to the defendant during her life, or until the further order of the court, amounts by implication to a reservation of the jurisdiction of the court over the original judgment. Independent, therefore, of the question whether the judgment of 1900 was technically a judgment for alimony, the court has continuing jurisdiction under the reservation in the entry.
It is next contended by the executrix of the plaintiff that plaintiff’s death, ipso facto, terminated the liability of his estate. We can not, however, agree with that contention.
The former judgment expressly provides that the payments shall continue during the life of the defendant, or until the further order of the court. Until, therefore, the executrix obtains an order from the court modifying the former judgment, the liability of the estate to pay the amount provided for remains during the life of the defendant.
Both motions will be overruled and the cause held for trial upon the issues.

Motions overruled.

Houck, J., concurs.