PETRIE v. THE GARFIELD SAVINGS BANK CO. ET AL.

*Check — Acceptance — Payment — Banks and banking — Deposit in branch bank, effect of — Acceptance and payment of check by bank, what constitutes — Passing to credit of depositor amount of check deposited, effect of.*

1. A deposit of a check in one of the branch banks of the banking company upon which it is drawn is the equivalent of depositing it in such company's main bank. This is true without regard to what the practice may be with reference to putting through the clearing house checks deposited in the branch banks.

2. Where a person in whose favor a check is drawn deposits such check in the bank upon which it is drawn, and the bank passes to the credit of such person in his checking account the amount of the check, such action on the part of the bank amounts not only to an acceptance but also to a payment of the check.

(Decided July 2, 1917.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. Walter J. Hamilton* and *Mr. H. H. Henry,* for plaintiff in error.

*Messrs. Ford, Snyder & Tilden,* for defendants in error.

GORMAN, J. The plaintiff in error, John R. Petrie, commenced this action against defendants in error in the common pleas court of Cuyahoga county. After filing a petition and amended petition, he filed by leave of court a second amended petition, in which he sets out that defendant is a corporation organized under the banking laws of the state of Ohio, and engaged in the general banking business in the city of Cleveland; that on the 17th day of November, 1915, one James Lawson executed and delivered to plaintiff his check drawn

upon the defendant bank for the sum of $208, on account of services for work and labor performed by the plaintiff as a plumber; that at the time said Lawson executed and delivered to plaintiff said bank check, which was dated November 16, 1915, said Lawson had on deposit in one of the branch banks of the defendant company the sum of $700. Plaintiff further avers that on the 18th of November, 1915, he deposited said check for $208 in the defendant bank, at the Superior avenue and East 105th street branch, to the credit of his checking account, and at the time of such deposit said bank had to the credit of said Lawson in his checking account and subject to payment of plaintiff's check an amount more than sufficient to pay said check in full. Plaintiff further avers that on the 19th day of November, 1915, at 1:25 P. M., said James Lawson filed a voluntary petition in bankruptcy in the district court of the United States for the northern district of Ohio, eastern division, and was immediately thereafter declared a bankrupt under the bankruptcy act of the United States; that upon learning of the filing of said petition in bankruptcy said defendant bank refused payment of said check, charged plaintiff's account with the same, and returned it to the plaintiff unpaid, and now refuses to pay the same, though payment has been demanded by plaintiff.

Plaintiff set out other matters in his petition to the effect that said Lawson had received said sum of $700 from the owner of the building which said Lawson was constructing, and had agreed and promised to deposit said money in the defendant bank for the purpose of paying the plaintiff and

other workmen and materialmen who performed labor and furnished material on said building. He further averred that said fund was a trust fund and that he had an equitable interest in said $700 to the extent of the amount of the check given him by said Lawson. Plaintiff further averred in his petition that the only claim which the defendant bank had upon said fund so deposited by Lawson, to-wit, said sum of $700, arose from a note of $400 made by said Lawson and his wife to said bank; but that the same was not due when the petition in bankruptcy was filed or when said fund was deposited.

Plaintiff prays that he may be found to have such equitable lien upon the balance in said bank to the credit of said Lawson at the time of the filing of the petition in bankruptcy as may be necessary to satisfy his said check, and that the bank may be ordered to pay such amount, to-wit $208, to plaintiff, and for all other relief that he may be equitably entitled to.

To this second amended petition the defendant demurred, and the court below sustained the demurrer and entered judgment in favor of the defendant, and ordered that the defendant go hence without day and recover its costs; to all of which the plaintiff excepted.

The principal question presented by the second amended petition and the demurrer thereto, which was not really argued by counsel in their briefs, but which was suggested by the court at the time of the oral argument, was this: Does the petition show, first, that the plaintiff was entitled to have the check credited to him as the bank credited it?

The averments of the petition show that the check given by Lawson to Petrie was not only accepted by the bank, but was paid, when the bank passed to the credit of Petrie's checking account the face value of the check, $208. This can be construed in no other light than as an acceptance and payment, in view of the fact that the check was drawn on the defendant bank itself. If it had been drawn on another bank it might be claimed that the check was taken for collection. The mere fact that the check was deposited in one of the branch banks of the defendant company makes it no less a check drawn on the defendant bank, and, whatever the practice may have been or may be with reference to putting through the clearing house checks deposited in the branch banks, we hold as a matter of law that the deposit of this check in one of the branch banks of the defendant company was the equivalent of depositing it in defendant's main bank, and that it was a payment by it of said check when it credited Petrie's checking account with the amount of this check.

The negotiable instruments act, Section 8290, General Code, defines a check as "a bill of exchange drawn on a bank payable on demand." And Section 8293 reads as follows: "When the holder of a check procures it to be accepted or certified, the drawer and all indorsers are discharged from liability thereon."

Section 8290, General Code, further provides:

"Except as herein otherwise provided, the provisions of this division applicable to a bill of exchange payable on demand apply to a check."

Section 8237, General Code, provides:

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer."

We think there can be no question in this case but that when the branch bank of the defendant company passed to the credit of Petrie in his checking account the amount of this check, $208, drawn by Lawson, it thereby not only accepted but paid the same. This transaction was the equivalent of paying over the counter to Petrie $208, and Petrie immediately depositing the $208 of currency to his credit in this branch bank.

The bank was not justified, the day following, in sur-charging Petrie's account with the $208 which it had credited him on receiving the check the day before. Its only claim for doing this, under the averments of the second amended petition, arose from the fact that Lawson, the drawer of the check, had executed and delivered to the bank a note for $400, which note was not yet due. If the note had been due or past due, and the bank had not accepted and paid the check, it would have had a right to offset the amount of its indebtedness of $400 against the balance due Lawson in his checking account in the bank. But the bank in this instance was not entitled to set off the $400 against Petrie's check, nor did it attempt to do so until the day after it had accepted the check and paid the same to Petrie. If Lawson had brought an action to recover the $700 in the bank due him, the bank could not at that time by cross-petition have set off its $400 note, because there was no set-off or claim due it at that time. The note had not yet matured, and it could only have a set-off in an

action brought against it on a claim which had matured.

We think the principles here enunciated will be found fully discussed and approved in the following cases: *C., H. & D. Rd. Co.* v. *Metropolitan Natl. Bank,* 54 Ohio St., 60; *Metropolitan Natl. Bank* v. *Lloyd,* 90 N. Y., 530; *Oddie* v. *Natl. City Bank,* 45 N. Y., 735, 741; *Covert* v. *Rhodes,* 48 Ohio St., 66; *Bank* v. *Brewing Co.,* 50 Ohio St., 151, and *Blake* v. *Hamilton Dime Sav. Bank Co.,* 79 Ohio St., 189.

On the question of the right of the bank, the defendant in this case, to set off its claim against the amount credited to Lawson in its bank at the time he filed a petition in voluntary bankruptcy, see *Fuller* v. *Steiglitz, Assignee,* 27 Ohio St., 355.

For the reasons stated, we are of the opinion that the court of common pleas erred in sustaining the demurrer to the second amended petition; and we do not deem it necessary to consider the question raised by the second amended petition, that the $700 deposit by Lawson was a trust fund, as there is nothing in the pleadings to indicate that the bank had any knowledge that the money was deposited as a trust fund.

Judgment of the common pleas court reversed.

*Judgment reversed.*

JONES, P. J., and HAMILTON, J., concur.

Judges of the First Appellate District sitting in place of Judges GRANT, CARPENTER and LIEGHLEY, of the Eighth Appellate District.