## HAYES *v.* HAYES.

*Contempt of court — Nature of proceedings — Violation of injunction decree — Court may sentence to imprisonment, when — Sections 11888, 12137, 12142 and 12147, General Code.*

1. Contempt of court may be either civil or criminal and an act may partake of the characteristics of both.
2. Proceedings for contempt are of two classes. Those prosecuted to preserve and vindicate the authority of the court are criminal and punitive in their nature. Those instituted to preserve and enforce the rights of private persons are civil, remedial and coercive. Proceedings herein upon analysis *held* to be primarily punitive.
3. The provisions of Section 11888, General Code, prescribing a penalty for disobeying an order of injunction, are not exclusive, but are cumulative with Sections 12137, 12142 and 12147, General Code, relating to contempt and the punishment therefor, and a court may impose a sentence of imprisonment for the violation of an order of injunction.

(Decided March 10, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Mr. H. J. Buntin,* for plaintiff.
*Mr. Robert A. Black,* for defendant.

SHOHL, P. J. This court granted an injunction against the defendant, Enos Hayes, "enjoining him

from suffering and permitting his sheep, hogs and other live stock to enter and trespass upon the lands of the plaintiff, Missouri Hayes, while said sheep, hogs and other live stock are running at large, contrary to the provisions of the statute."

Defendant violated the order of the court—was punished for it. He has been guilty of disobedience of the orders of this court and the court of common pleas on five different occasions.

A rule was issued against him to show cause why he should not be punished for contempt, and, after a hearing, this court imposed a fine of one hundred dollars and costs, and a jail sentence of ten days, the jail sentence being suspended.

He now seeks a new trial and rehearing, urging as his principal ground that this court was without jurisdiction to inflict any other penalty than that provided by Section 11888, General Code.

Section 11888 is in the chapter on Injunctions and is as follows:

"Upon being satisfied, by affidavit, of the breach of an injunction or restraining order, an attachment may be issued by the court or judge against the guilty party, and he be required to pay a fine not exceeding two hundred dollars, for the use of the county, to make immediate restitution to the party injured, and to give further security to obey the injunction or restraining order. In default thereof, he may be committed to close custody until he complies with such requirement, or is otherwise legally discharged."

Section 12137 is in the chapter on Contempt of Court, and includes the following:

"A person guilty of any of the following acts may be punished as for a contempt:

"1. Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer."

Section 12142 provides:

"The court shall then determine whether the accused is guilty of the contempt charged. If it be adjudged that he is guilty, he may be fined not exceeding five hundred dollars, or imprisoned not more than ten days, or both."

Section 12147 provides:

"This chapter is not cumulative to provisions of division three, chapter three of title four [see Sections 11510-11512], nor of chapter six, title two, of this part [see Section 10319], but furnishes a remedy in cases not thereby provided for."

The bracketed inserts do not appear in the code section, but are the provisions therein referred to, and deal with compelling the attendance of witnesses. It appears that as to those matters punishment under Section 12142 is not authorized by the contempt statute. If it was not intended to be cumulative to the provisions of Section 11888 that could easily have been added to the list in Section 12147 to which the remedy of that chapter was declared not to be cumulative.

This court held in the case of *In re David Fusfeld,* 3 Ohio App., 224, that Section 12137 was applicable to the violation of an order of injunction. We see no reason to depart from the view there expressed.

Counsel who represents the plaintiff in the suit urges that the power to punish for contempt by

imprisonment is inherent and continues to exist notwithstanding legislation purporting to limit it, and the case of *Hale* v. *The State*, 55 Ohio St., 210, is cited.

As was said by the United States supreme court in the *Gompers case*, 221 U. S., 418, 450:

"If a party can make himself a judge of the validity of orders that have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery."

If the legislature can destroy the power of the courts to enforce their mandates, the substance of judicial power is gone.

The constitutionality of statutes limiting the power of a court established by the constitution to punish for contempt need not be decided in this case. It does not appear to have been considered in *Rhynard* v. *Gardner, Sheriff*, 7 Ohio App., 262. The arguments are elaborated in the majority and dissenting opinions in *C., B. & Q. Ry. Co.* v. *Gildersleeve*, 219 Mo., 170. See also *State, ex rel.*, v. *Shepherd*, 177 Mo., 205, and *Ex parte Creasy*, 243 Mo., 679. As the fine and imprisonment imposed here do not exceed the maximum punishment that can be imposed under Section 12142 the question need not now be determined.

But there are important considerations that weigh with a court in the exercise of its powers. Contempt of court may be either civil or criminal. Whether a particular act shall be classified as a civil or criminal contempt is not always easy of determination, because it may partake of the char-

acteristics of both. Contempts are neither wholly civil nor altogether criminal. *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S., 418, 441, and *Bessette* v. *W. B. Conkey Co.,* 194 U. S., 324, 328.

In the last-named case the court approved the following statements of Judge Sanborn in *In re Nevitt,* 117 Fed. Rep., 448, 458:

"Proceedings for contempts are of two classes: Those prosecuted to preserve the power and vindicate the dignity of the courts and to punish for disobedience of their orders, and those instituted to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights and administer the remedies to which the court has found them to be entitled. The former are criminal and punitive in their nature, and the government, the courts and the people are interested in their prosecution. The latter are civil, remedial and coercive in their nature, and the parties chiefly in interest in their conduct and prosecution are the individuals whose private rights and remedies they were instituted to protect and enforce. * * * A criminal contempt involves no element of personal injury. It is directed against the power and dignity of the court, and private parties have little if any interest in the proceedings for its punishment. But if the contempt consists in the refusal of a party or a person to do an act which the court has ordered him to do for the benefit or the advantage of a party to a suit or action pending before it, and he is committed until he complies with the order, the commitment is in the nature of an execution to enforce the judgment of the court, and the party

in whose favor that judgment was rendered is the real party in interest in the proceedings."

In cases of civil contempt the order made is remedial to indemnify the injured suitor or coercively to secure obedience to a mandate in his behalf. It is deemed punitive when its purpose is to vindicate the authority of the court. *In re Merchants' Stock & Grain Co.,* 223 U. S., 639; *Gompers* v. *Bucks Stove & Range Co., supra; Ex. parte Isaac Heller,* 214 U. S., 501; *Matter of Christensen Engineering Co.,* 194 U. S., 458, 461, and *Clay* v. *Waters,* 178 Fed. Rep., 385.

A punitive proceeding is not abated by the settlement of the controversy between the parties to the suit in which the order was issued. *Gompers* v. *Bucks Stove & Range Co., supra,* and *Tosh* v. *West Kentucky Coal Co.,* 252 Fed. Rep., 44, 47.

If both remedial relief and punishment be given, the latter gives color to and dominates the proceedings. *In re Merchants' Stock & Grain Co., supra,* and *Kreplik* v. *Couch Patents Co.,* 190 Fed. Rep., 565.

Were the proceedings in this case primarily civil or criminal? They were entitled "Hayes v. Hayes," as in the main equity proceedings. It would not have been improper to have entitled them "In re Hayes," and to have docketed them separately, but that is not necessary. *Phillips S. & T. P. Co.* v. *Amalgamated Assn. of I., S. & T. W.,* 208 Fed. Rep., 335, 343.

At page 446 of the *Gompers case* the court regarded the title of the contempt proceedings as a fact to be considered, but not as controlling the determination of their nature.

In the *Gompers case* the court laid stress upon the fact that plaintiff had asked for relief in its behalf and costs. No such prayer appears here.

In the *Gompers case* the defendants were required to testify against themselves. In this case the defendant voluntarily took the stand because he saw fit to do so. See *Stewart* v. *United States,* 236 Fed. Rep., 838, where the *Gompers case* is analyzed and distinguished. Also *Proudfit Loose Leaf Co.* v. *Kalamazoo Loose Leaf Binder Co.,* 230 Fed. Rep., 120, 132.

It is not necessary that any specific punishment be prayed for. *Creekmore* v. *United States,* 237 Fed. Rep., 743.

The court was advised that the defendant had violated its order after he had already been punished for disobedience of it. The proceedings were punitive. The facts shown at the hearing establish his guilt. In a proper discharge of its duties the court can not tolerate continued disregard of its mandates. The motion for a new trial will be overruled.

*Motion overruled.*

HAMILTON and CUSHING, JJ., concur.