LOUIS BUOB AND THEODORE SCHEU v. BROWN CARRIAGE CO. ET AL.

1. **Manufacturer Copyrighting Catalog Containing Measurement Instructions Obtains No Exclusive Rights.**

A manufacturer of unpatented articles having devised a method of making measurements and copyrighted a catalogue, circular or advertisement containing a diagram giving instructions to prospective customers as to the manner of taking such measurements, does not thereby acquire the exclusive right to use the methods set forth in the copyrighted publication.

2. **Injunction Against Use of Copyright Design Denied Unless Passing Goods as Those of Complainant.**

In an action for unfair competition, one using such method will not be enjoined in the absence of allegations that he was passing off or attempting to pass off on the public his goods or business as the goods or business of the plaintiff.

DEMURRER to petition on appeal.

*Galvin & Bauer*, for plaintiffs.
*Froome Morris*, for defendants.

## SHOHL, J.

The plaintiffs (Louis Buob and Theodore Scheu, a partner-

Buob v. Brown Carriage Co.

ship under the name of Buob & Scheu,) are manufacturers of buggy tops, automobile tops and automobile supplies and the defendants (Brown Carriage Co., Wheel Top & Hdw. Co., Split Hickory & Wheel Top Co. and W. W. Buob) are carrying on a similar business. Plaintiffs allege that in the conduct of their business, they devised, invented and prepared a certain method or form for a quick and accurate measurement of an auto top cover, and caused a drawing thereof to be registered for copyright; they have also invented, prepared and devised a drawing known as "Auto Top Cover-Touring Car" and have registered the same in the registry of copyrights of the United States; they have also prepared a drawing known as an "order chart," likewise registered and copyrighted; they have expended large sums of money in the development of the designs and drawings, and by reason thereof they have acquired quite a reputation among owners, dealers and repairers of automobiles throughout the United States, Canada and Europe, resulting in large profits. The petition alleges that the defendants are competitors of plaintiffs, and did copy and appropriate the said devices and drawings, and have issued advertising matter containing cuts and drawings which are similar and flagrant imitation of those of plaintiffs, copies of which are attached to the petition as exhibits; defendants have sold and are selling large quantities of goods and merchandise by the use of said device, which it is alleged constitutes an infringement of plaintiff's trade-marks and copyrighted cuts, to plaintiff's great damage; defendants have diverted from the plaintiffs large sources of revenue, which they would otherwise have obtained. Irreparable damage is alleged.

It is admitted that in so far as any action relating to right under the copyright laws of the United States is concerned, the federal courts have exclusive jurisdiction. See 9 Cyc. 960. The basis of this action is said to be unfair competition.

Unfair competition, in its essence, consists in passing off, or attempting to pass off, on the public, the goods or business of one person as the goods or business of another. 28 A. & E. Encyc. 2nd Ed. 409; 38 Cyc. 780; *Lippman* v. *Martin,* 5 N. P. 120 (8 Dec. 485); *Safe-Cabinet Co.* v. *Globe-Wernicke Co.* 34 O.

C. C. 528 (19 N. S. 31; 3 App 24), modified and affirmed, *Globe-Wernick Co.* v. *Safe-Cabinet Co.* 92 Ohio St. 532 [112 N. E. 478]; *Drake Medicine Co.* v. *Glessner,* 68 Ohio St. 337 [67 N. E. 722]; *French Bros. Dairy Co.* v. *Giacin,* 31 O. C. C. 395 (12 N. S. 134). Affirmed *Giacin* v. *French Bros. Dairy Co.* 84 Ohio St. 483 [95 N. E. 1148].

In the case at bar it is not charged that there was anything done which would enable the public to confuse the goods of the plaintiffs with those of the defendants. The design is not used by plaintiffs to identify the goods as those of plaintiffs' manufacture. The real matter of complaint is not that defendants have copied plaintiffs' design, but that the defendants in the effort to sell their goods have adopted the same method pursued by plaintiffs to carry out their sales, and to enable purchasers to specify with particularity the goods which they desire. The similarity is one of method. The article which plaintiffs sell is not patented. They have no monopoly on the manufacture of auto tops. The principle involved is well stated by Lacombe, J., in the case of the *National Cloak & Suit Co.* v. *Standard Mail Order Co.* 191 Fed. 528, as follows:

"I am entirely in accord with defendant in the proposition that a manufacturer of unpatented articles can not practically monopolize their sale by copyrighting a catalogue containing illustrations of them. From a comparison of the illustrations upon which complainant relies, the fair inference would seem to be that defendant makes some garments which are identical with complainant's and offers them for sale. If this be so, he can not be deprived of the right to issue a catalogue of the garments he offers, with illustrations showing what they took like, provided that his illustrations are drawn from garments themselves, and not copied from complainant's copyrighed catalogue."

In the case of the *S. S. White Dental Co.* v. *Sibley,* 38 Fed. 751, plaintiff's assignor devised and copyrighted a chart showing illustrated sections of teeth in connection with numbers, so arranged as to convey information respecting their character, size and shape and having thereon certain auxiliarv lines and figures. This conveyed information that could not be obtained

### Buob v. Brown Carriage Co.

by any old method of illustration. Defendant made a similar chart in which his teeth were illustrated in the same manner as complainant's. It was held that the plaintiff's copyright did not cover the plan or arrangement shown by the chart and entitled him to no relief.

In *Burk* v. *Burial Association,* 3 U. S. District Court, Hawaii, 388, complainant, who had devised a plan and scheme for a burial association and had copyrighted the book setting forth his plan, was held not entitled to the exclusive right to use the methods set forth in the copyrighted publication. The decision follows the leading case of *Baker* v. *Selden,* 101 U. S. 99 [25 L. Ed. 841], where the distinction is made between patent rights and the rights of a person securing a copyright. The copyright gives no ownership in the process described in the book, but gives the owner the exclusive right to multiply and dispose of copies. See also *Hamilton Mfg. Co.* v. *Tubbs Mfg. Co.* 216 Fed. 401, 411; *Ehret* v. *Pierce,* 10 Fed. 553.

The law encourages competition and the up-to-date merchant is bound to advertise his goods in such a manner that the public can buy them. If he shows a picture of his goods in an advertisement or circular, he can not prevent others from doing the same with their goods. If he makes clothes for men or women, he has a right to show them by diagram how they can order their clothes so they will fit. The giving of directions to a purchaser how to make his measurements before stating the size automobile top he wishes, does not constitute palming off of his goods as those of another merely because he uses the same method in having the automobile measured.

The allegations of the petition do not state a cause of unfair competition and the demurrer is sustained.

Hamilton, J., concurs.

Cushing, J., not participating.