THE PROVIDENT SAVINGS BANK & TRUST CO. *v.*
HILDEBRAND.

(Decided November 13, 1934.)

*Messrs. Clark & Robinson,* for plaintiff in error.
*Mr. J. G. Williams,* for defendant in error.

Ross, J.   Charlotte M. Hildebrand brought suit in
the Common Pleas Court of Hamilton county against
The Provident Savings Bank & Trust Company, the
plaintiff in error here, to recover the amount of a bank
balance, which defendant refused to pay to her.   The
court directed a verdict in favor of the plaintiff at the
close of the evidence of the defendant.

It appears from the record that the plaintiff had a
checking account in the defendant bank, which account
she opened in 1912.   Some time previous to 1916 she
moved her office from the vicinity of the bank to an-
other part of the city of Cincinnati.   On October 25,
1916, she deposited with the defendant bank a check
for $400, given her a few days previous by a dental
student, who was repaying a loan of that amount.   The
student lived in the same building with the plaintiff.

Upon presentation of the check to the bank for deposit, the employees of the bank offered to cash the check, but the defendant in error stated she desired it to be deposited in her account, which was accordingly done. She had a balance of 35 cents previous to the deposit of the $400 check, which was drawn upon the same bank in which plaintiff had her account. Some two years after making the deposit of $400, plaintiff left Cincinnati and removed to Dayton, Ohio. When, in 1931, she attempted to make use of her account, she was notified that she had only a balance of thirty-five cents, which was tendered her. There is no evidence that she was ever notified that the check for $400 was not good, even if this were a defense. The bank exhibited the check deposited, with notations attached thereto reading "insufficient funds", "payment stopped".

There was evidence of the various customs of the bank by which checks received at one window were later transmitted to the several departments of the bank for proper action thereon. There was no evidence that the defendant in error knew of such custom, nor was there any evidence which would make such custom binding upon defendant in error. No custom was pleaded by the bank. There was no evidence of any agreement between defendant in error and the bank that the check was deposited for collection, or for any other purpose than as an unconditional credit to the account of defendant in error, which when executed amounted to complete payment of the check.

There is evidence that at the time the check was given the drawer had over $800 in his account, and that shortly thereafter he had more than $2,000 in his account.

There is a complete absence of any evidence even suggesting any fraud upon the part of the plaintiff. The inactivity of the account is easily explained on many grounds, if any explanation is required. Many

persons leave sums of money, even in checking accounts, for long periods of time without disturbing them. The fact that the check was taken to the former depository of defendant in error after some year of inactivity in her account is quite natural when it is noted that the check was upon the bank where she also had her account. It is natural that she would wish to know immediately if it was or was not good. The bank could have instantly discovered whether or not the check was good. It is now, after *payment* of the check, presumed to have done so and found it good, or at least to have accepted the other depositor solely as accountable to make it good. The bank cannot now repudiate a completed transaction.

There seems to be no question that it is now well established that if a bank accepts a check upon the account of one of its depositors, and credits the same to the account of another, or pays the same, it cannot later repudiate this completed transaction and charge back or recover the amount of the check which it has so paid. 5 Ohio Jurisprudence, 423, Section 114.

We agree with the holding in *Petrie* v. *Garfield Savings Bank Co.*, 8 Ohio App., 266. The first and second paragraphs of the syllabus in that case are:

"1. A deposit of a check in one of the branch banks of the banking company upon which it is drawn is the equivalent of depositing it in such company's main bank. This is true without regard to what the practice may be with reference to putting through the clearing house checks deposited in the branch banks.

"2. Where a person in whose favor a check is drawn deposits such check in the bank upon which it is drawn, and the bank passes to the credit of such person in his checking account the amount of the check, such action on the part of the bank amounts not only to an acceptance but also to a payment of the check."

See, also, *Manufacturers' National Bank* v. *Swift*, 70 Md., 515, 17 A., 336, 14 Am. St. Rep., 381.

*Paige* v. *Springfield National Bank,* 12 Ohio App., 196, is not applicable to the facts of this case.

Our conclusion is, therefore, that the Court of Common Pleas committed no error in instructing a verdict for the defendant in error, there being no evidence substantiating any legitimate defense to the claim of defendant in error.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.