**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2810
_____

UNITED STATES OF AMERICA

v.

GERMAINE HALL,
                                        Appellant

_____

On Appeal from the United States District Court
of the Virgin Islands
Criminal No. 3-17-cr-00019-005
District Court Judge: Honorable Curtis V. Gomez

_____

Argued: December 10, 2019

Before:  SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*

(Opinion filed:  July 31, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKee, *Circuit Judge.*

Germaine Hall appeals the judgment of sentence that was imposed following his conviction for various charges related to his conspiracy to distribute a controlled substance. He challenges a jury's verdict[1] for conspiracy to possess cocaine with the intent to distribute and the reasonableness of his 160-month sentence. He further argues that prosecutorial misconduct, the erroneous admission of hearsay testimony, and the District Court's decision to allow the parties to stipulate to the admission of evidence with an interrupted chain of custody affected the fairness of the proceedings thus denying his right to due process. For the reasons that follow, we will affirm.[2]

I.

Hall's first challenge concerns the denial of his renewed Rule 29 motion. After several counts of the multi-count superseding indictment against Hall were dismissed and he was acquitted by the jury of another count, Hall sought a Rule 29 Judgment of Acquittal claiming that the government failed to prove the existence of an underlying agreement or unity of purpose between him and his alleged conspirators. After conducting a plenary review of the record and applying the same standard as the District Court, we will affirm.[3]

---

[1] Hall proceeded to trial alone after the district court granted co-defendant Gerald Mercer's severance motion. App. 6, 22-23.

[2] The district court had jurisdiction pursuant to 18 U.S.C. § 3231, which grants to district courts "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." This court has jurisdiction under 28 U.S.C. § 1291.

[3] *United States v. Freeman*, 763 F.3d 322, 343 (3d Cir. 2014).

The evidence presented of Hall's involvement with his co-conspirators to possess and distribute cocaine rested upon the testimony of cooperating witness, Kishaun Carey.[4] He testified that he was contacted by co-conspirator Craig Richardson when there was a shipment ready for pick up and distribution.[5] Richardson would sometimes direct him to pick up a shipment from co-conspirator Makimba Barry in West Palm Beach, Florida.[6] On other occasions Richardson would tell Carey to pick up the shipment from Hall, in Orlando, Florida.[7] Carey testified to picking up three shipments from Hall between late 2015 and May 2016 at Richardson's direction.[8] Carey did not have any other contact with Hall.[9] After he sold the cocaine, Carey contacted Richardson to find out who would be picking up the proceeds.[10] Either co-conspirator Jamal Haynes or Barry came to collect.[11]

Viewing this testimony and all reasonable inferences therefrom in a light most favorable to the government, we must affirm the District Court. As we have stated many

---

[4] A second witness, Kinia Blyden, testified to transporting cocaine from St. Thomas to Florida in June 2016. App. 292. She testified that co-conspirator Jamal Haynes picked her up from the airport when she arrived in Florida and drove her to a residence where she left the drugs, packaged in a "clear seal," with Hall. App. 295. As the jury acquitted Hall of a substantive count concerning this interaction charged at Count Four, we will not consider this testimony in reviewing the sufficiency of the evidence supporting Hall's conspiracy charge.
[5] App. 261-262, 269.
[6] App. 262, 264.
[7] App. 265, 267.
[8] App. 268, 271.
[9] App. 280.
[10] App. 264.
[11] App. 270.

times before, "a conspiracy may be proven entirely by circumstantial evidence."[12] Moreover, the government need not prove "each defendant knew all of the conspiracy's details, goals, or other participants" to demonstrate a unity of purpose, intent to achieve a common goal, and agreement to work towards that goal.[13] The fair inferences from Carey's interactions and connections with Richardson, Hall, Haynes and Barry demonstrate Hall's knowledge of the drug conspiracy and its aim.[14] Carey's interactions with Hall cannot be reduced down to a mere "buyer-seller relationship" as Richardson directed Carey as to when to get shipments from Hall and then Richardson directed other individuals to coordinate payments with Carey. Additionally, the length of Carey's affiliation with Richardson, Hall, Barry, and Haynes evidences his comprehension of the conspiracy's scope and serves as additional circumstantial knowledge of Hall's membership.[15]

Hall next argues that there was a material variance between the single conspiracy charged in the indictment and the evidence presented at trial. As Hall failed to raise his variance argument with the District Court, we review it for plain error.[16] Hall again bases his claim on the government's alleged failure to put forth evidence from which a jury

---

[12] *United States v. Claxton*, 685 F.3d 300, 309 (3d Cir. 2012) (quoting *United States v. Wexler*, 838 F.2d 88, 90 (3d Cir. 1988)).
[13] *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999).
[14] *Claxton,* 685 F.3d at 310 (inferring similar knowledge from circumstantial evidence).
[15] *United States v. Pressler*, 256 F.3d 144, 152 (3d Cir. 2001).
[16] *See United States v. Vosburgh,* 602 F.3d 512, 531 (3d Cir. 2010); *United States v. Daraio*, 445 F.3d 253, 259 (3d Cir. 2006).

could infer his knowledge of, and desire to participate in the charged conspiracy. For the reasons stated above, we find no error here, plain or otherwise.

When reviewing the record in a light most favorable to the government and assessing whether there was a variance, we consider: (1) "whether there was a common goal among the conspirators;" (2) "whether the agreement contemplated bringing to pass a continuous result that will not continue without the continuous cooperation of the conspirators;" and (3) "the extent to which the participants overlap in the various dealings."[17] In assessing whether the conspirators shared a common goal we consider the "underlying purpose of the alleged criminal activity" in broad terms.[18] Thus, framing the underlying purpose as a desire to obtain and distribute cocaine for profit, we find sufficient evidence that Hall had a unity of purpose with his alleged co-conspirators, intent to possess and distribute cocaine, and an agreement to work with them in furtherance of that goal.[19]

Third, Hall challenges the reasonableness of his sentence, arguing that the District Court erroneously factored into his sentence amounts of cocaine not attributable to him. As Hall concedes he failed to preserve his sentencing argument in the District Court,[20] we review it for plain error.[21] Hall fails to meet his burden of plain error. He attempts to

---

[17] *United States v. Kemp*, 500 F.3d 257, 287 (3d Cir. 2007) (citation omitted).
[18] *United States v. Rigas*, 605 F.3d 194, 214 (3d Cir. 2010) (en banc).
[19] *United States v. Pressler*, 256 F.3d 144, 147 (3d Cir. 2001) (describing sufficient evidence to evince a conspiracy).
[20] Appellant's Br. at 1, 16.
[21] *United States v. Stinson,* 734 F.3d 180, 186 (3d Cir. 2013).

limit his exposure to only the amount Carey testified to obtaining from him. However, as there was sufficient evidence supporting the jury's verdict that Hall was a member of a conspiracy, the District Court appropriately considered the relevant conduct of Hall and his co-conspirators when fashioning his sentence.[22] As testified to by his co-conspirators, that conduct included the possession and distribution of 50 to 150 kilograms of cocaine. Accordingly, the Court finds no plain error with this finding nor does it find the resulting sentence to be unreasonable.[23]

Hall next claims that the District Court permitted prosecutorial misconduct by way of leading questions and efforts to introduce inadmissible evidence. As Hall did not object to any of the Government's questions, his claims are reviewable only for plain error.[24] His claims are completely without merit. The court consistently and properly policed the conduct of the prosecution during the trial with reprimands when the questioning became leading on direct, side bars to ensure witnesses would be providing relevant testimony, questioning regarding the admissibility of proffered exhibits, and consistent balancing of the prosecutor's questions under Rule 403 of the Federal Rules of Evidence.[25] Hall also claims that Carey perjured himself by testifying that he saw Hall

---

[22] *Gibbs*, 190 F.3d at 214.
[23] *Id.*; *see also United States v. Booker*, 543 U.S. 220, 261 (2005) (discussing the benchmark for a reasonable sentence).
[24] *See Gov't of V.I. v. Mills*, 821 F.3d 448, 456 (3d Cir. 2016) ("Where, as here, a defendant did not object to prosecutorial misconduct at trial, we review for plain error."); *United States v. Fulton*, 837 F.3d 281, 302 (3d Cir. 2016) (questions that misstate the evidence are reviewed for plain error.)
[25] *See, e.g.*, App. 108, 152, 204-06, 208, 375.

with fourteen kilograms of cocaine and the prosecution failed to correct that testimony. We disagree. As Hall concedes, the Government's failure to correct perjured testimony is reversible only if, among other things, (1) the witness actually committed perjury and (2) "there is a reasonable likelihood that the false testimony could have affected the verdict."[26] "Perjury" is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."[27] Hall has not shown that Carey held this intent.[28] In addition, at trial, Carey did not attribute to Hall any drug amounts beyond three deliveries totaling eight or nine kilograms.[29] Thus, there is no reasonable likelihood that Carey's testimony affected the verdict. Further, Hall elicited Carey's statement about the "additional cocaine" as impeachment on a collateral matter. Although Carey denied the statement, in light of the other evidence of Hall's guilt, it is not likely that the statement had any effect on the verdict.

Defendant's remaining arguments regarding the admission of stipulated evidence and his co-conspirator's statements are also meritless. Hall's counsel stipulated to certain evidence with Hall's approval, and by stipulating to the chain-of-custody evidence Hall

---

[26] Appellant's Br. at 25 (quoting *United States v. Hoffecker*, 530 F.3d 137, 183 (3d Cir. 2008)); *see also United States v. John-Baptiste*, 747 F.3d 186, 210 (3d Cir. 2014) (citation omitted).
[27] *Hoffecker*, 530 F.3d at 183.
[28] *See* Appellant's Br. at 25-26.
[29] *See* App. 268.

waived his rights to appeal the issue.[30]  Additionally, the admissions of co-conspirators

that are made during and in furtherance of the conspiracy are not hearsay.[31]

## II.

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[30] *See Gov't. of V.I. v. Rosa*, 399 F.3d 283, 290-91 (3d Cir. 2005) ("[A]n explicit agreement or stipulation constitutes a waiver of rights if the defendant was aware of the right."); *see also United States v. Ceballos*, 789 F.3d 607, 613 (5th Cir. 2015) ("[B]ecause we conclude that [the defendant] waived her right of confrontation through her counsel's unchallenged stipulation to the admission of the testimony, her claim is entirely unreviewable." (citation and internal quotation marks omitted)).

[31] Fed. R. Evid. 801(d)(2)(E); *Bourjaily v. United States*, 483 U.S. 171, 182 (1987), *superseded by statute on other grounds United States v. Bobb*, 471 F.3d 491, 498 (3d Cir. 2006).