HUDSON et v MYERS

Ohio Appeals, 9th Dist, Summit Co

No 2078.   Decided Feb 3, 1933

Meade & Weygandt, Akron, for plaintiffs in error.

Gottwald, Breiding, Hershey & Hinton, Akron, for defendant in error.

PER CURIAM

The parties will be referred to as they were in the Common Pleas Court, where plaintiff recovered a judgment against defendants for attorney fees.

Plaintiff's petition was in the short form on an account, and the account attached to the petition contained an undated item as follows:

"Amount of previous statement $4638.36."

Defendants promptly moved for an order requiring plaintiff to itemize said item, which motion was overruled.

Said motion should have been granted, and it was error not to do so.

Then, by an interrogatory attached to the answer, defendants sought to have plaintiff state the items embraced in said "previous statement" item of said account, but failed to get said information.

At the trial, however, plaintiff introduced his book of original entries, showing in detail the services rendered which were embraced in said "previous statement" and the charges made therefor, and proved that defendants had been furnished with such information at about the time said services were rendered and years before the suit was brought, and that defendants had said "previous statement" containing such information in their possession at the time said motion was made and at the trial of the case.

While, as has been said, defendants were clearly entitled to have an order requiring plaintiff to make his petition conform to well-established rules of pleading, we find in this case that defendants were not prejudiced by the court's failure to grant said motion.

Complaint is made that plaintiff failed to offer proof of performance by him of each item of service for which he sought recovery, and likewise failed to offer proof of the reasonable value of each item of such service, and it is therefore urged that defendant's motion for a directed verdict should have been granted.

Upon examination of the record, we find that in plaintiff's case in chief, one of the defendants, on cross-examination, admitted the performance of said services and that plaintiff testified that he performed said services and that the reasonable value of such services was the amount charged therefor in said account; therefore it was not error to refuse to direct a verdict in favor of defendants.

It is true that plaintiff in his testimony did not refer separately to each item, but it being proved, by said admission of one of the defendants, that the services were rendered, plaintiff's proof of value was sufficient to take the case to the jury; and as to most of the items, the defendants offered no evidence questioning the reasonableness of the charges made.

We are unable to find from the record that the verdict is manifestly against the weight of the evidence.

It is claimed that the court erred in refusing a request to further charge in reference to reasonable value of certain services, made at the close of the general charge.

We hold that, in view of what the court had said on the subject of reasonable value of services rendered and the charge taken as a whole, there was no prejudicial error in the court's failure to comply with said request.

There is one other complaint made as to the charge, but we find no prejudicial error in reference thereto.

Judgment affirmed.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur in judgment.