## WRIGHT v UTZINGER

Ohio Appeals, 2nd Dist.,
Franklin Co.

No. 3410. Decided Feb. 13, 1942.

Miller & Miller, Columbus, for plaintiff-appellant.

Charles A. Schwenker, Columbus, for defendant-appellee.

**218**

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The notice of appeal erroneously states that the appeal is taken on law and fact. However, a bill of exceptions was duly filed within statutory time and all future proceedings are in line with an error proceeding.

No appeal bond was filed and if for no other reason, this bars the hearing as a chancery case.

We have no difficulty in determining that the action was purely one for money and in no sense equitable.

Plaintiff in her petition in substance stated that on September 23, 1927, she was the owner of a life estate in a farm of 232 acres in Franklin County, and that on said date she entered into a written contract with the defendant, Raymond J. Utzinger, to operate said farm on the shares; that said contract was made for the year 1928, and was extended from year to year until 1940.

It is further alleged that defendant occupied said farm under said contract and that full settlements were made between the parties up until April, 1939.

It is further alleged that from April, 1938, to March, 1940, defendant, Raymond Utzinger, in addition to his occupancy under the written contract, occupied certain portions of said farm for his own use. Then follows in itemized form the claimed occupancy and use under six separately stated items, totaling the sum of $397.50, for which amount judgment was asked.

On June 11, 1940, defendant filed answer and cross-petition. The answer admits from the year 1927 up to the time of filing the answer plaintiff was owner of a life estate in the premises described in the petition. Further answering defendant denied each and every allegation in said petition contained.

For a cross-petition the defendant avers that plaintiff is indebted to him in the sum of $1889.50 on an account for labor and material furnished upon plaintiff's farm, in the sum of $449.50, which labor and material was furnished at the request of plaintiff. Copy of the account is attached to the answer and marked "Defendant's Exhibit A". The answer further avers that plaintiff is indebted to the defendant in the sum of $1440.00 for room and board furnished to the plaintiff. A copy of this portion of the account is attached marked "Exhibit B", and reads as follows:

"Exhibit B. Room and board at the rate of $20.00 per month from January 1st, 1934, to January 1st, 1940, $1440.00."

"Exhibit A" sets out at length in detail itemized form covering some four and one-half pages of closely typewritten matter with day and dates, the items of the account designated "Exhibit A". To this cross-petition counsel for plaintiff filed a motion requesting that defendant be required to make his pleading more definite and certain in stated particulars. These particulars are set out under eight separately numbered paragraphs. In substance the motion requests additional data to the items set out in the copy of the account designated as "Exhibit A".

This motion was overruled, and thereupon plaintiff filed answer to defendant's cross-petition in the

nature of a specific and general denial, and nothing more.

On or about February 28, 1941, attention of the court was called to the fact that the plaintiff, Latha B. Wright, had died, and on request, Irene W. Grossman, as Executrix of the estate of Latha B. Wright, was substituted as party-plaintiff. The action came on for trial before a jury, resulting in a verdict for the defendant, in the sum of $1000.00. Motion for new trial was duly filed, overruled and judgment entered on the verdict. Within the statutory time plaintiff filed notice of appeal.

Plaintiff-appellant's assignments of errors are set out under nine separately numbered and stated specifications. We will now take these up in the same order as presented in the assignment.

Assignment No. 1:

"1. Error of the court in overruling the plaintiff-appellant's motion requiring defendant-appellee to make his cross-petition definite and certain, to which plaintiff-appellant excepted."

The trial court overruled the motion with the comment that the petition in the short form with itemized statement of account attached was adequate. Counsel for appellant in their brief refer us to the case of Hudson v Meyers, 13 Abs 732, wherein it was held that it was error to deny a motion by a defendant in an action on question to compel the plaintiff to itemize his claims. In the instant case the claim was itemized and the only purpose of plaintiff's motion was to obtain more detailed information. We find no error under this assignment.

Assignment No. 2:

"2. Error of the court in permitting the jury to consider defendant-appellee's claim for room and board since the cross-petition was one on account and no account was introduced in evidence by the defendant-appellee on account for room and board. Furthermore, there was no evidence introduced that plaintiff-appellant requested board or that room and board was furnished as stated in the petition.'

We have heretofore set out in full "Exhibit B" attached to plaintiff's petition referring to the claim for room and board. It is quite true that this charge was not entered in any book or memoranda. The cross-petitioner relied entirely upon an oral contract allegedly entered into between himself and the plaintiff by which she was to pay for room and board. Under the form of pleading no obligation rested upon the cross-petitioner to present evidence of a book account if no book was kept. The claim may be asserted under a short form of pleading, even where the itemized charge has no support other than testimony of a contract, express or implied.

It is our conclusion that the last paragraph under this assignment is not supported by the evidence. The record contains evidence, particularly through the testimony of defendant's wife, that the plaintiff had agreed to pay for room and board, and it is inferable from the entire record that such room and board was furnished.

Assignment No. 2 is not sustained.

Assignment No. 3:

"3. Error of the court in overruling plaintiff-appellant's motion to dismiss defendant-appellee's cross-petition for judgment on account for room and board since no account was admitted in evidence by defendant-appellee."

Our discussion under assignment No. 2 fully answers No. 3. We find no error under this assignment.

Assignment No. 4:

"4. Error of the court in admitting the testimony of Kathryn Utzinger, wife of defendant-appellee. since she was a partner of defendant-appellee and not permitted to testify by reason of §11495 GC."

During the cross-examination of Mrs. Utzinger, wife of defendant, she did inadvertently make an answer indicating that she might be a partner. This was very quickly corrected as soon as ▮▮▮▮▮▮ ▮ she fully understood the question. Furthermore, Kathryn Utzinger was not a party to the suit and was not prevented from testifying by reason of any of the provisions of §11495 GC.

We find no error under Assignment No. 4.

Assignment Nos. 5, 6, 7, 8 and 9 are grouped by counsel for appellant in his brief and we will do likewise in discussing them.

"5. Error of the court in overruling plaintiff-appellant's motion for judgment on the pleadings.

"6. Error of the court in overruling plaintiff-appellant's motion for new trial.

"7. That the verdict of the jury was not sustained by sufficient evidence.

"8. That the verdict of the jury was contrary to law.

"9. Error of the court in rendering judgment for defendant-appellee against the plaintiff-appellant in the amount of $1000.00."

In support of these five assignments of errors counsel for appellant submit that as late as April, 1938, plaintiff-appellant and defendant-appellee had a settlement by check which showed that there was a settlement in full of account to date. Two other checks for previous years were introduced containing similar legends. This is urged as a bar to defendant's recovery for the full period of six years. The difficulty with appellant's position is that this was not properly presented through plaintiff's answer. The ▮▮▮▮▮▮ ▮ claim of payment is always defensive and when claimed must be set out in the pleadings.

The same observation would be made as to accord and satisfaction. While the checks ▮▮▮▮▮▮ ▮ bearing the legends were introduced in evidence, and controverted as including anything more than settlements under the farm operations, not including room and board, nevertheless we must consider that plaintiff in her answer made no claim of payment or accord and satisfaction. During the trial of the case the trial court called attention to the infirmity of the answer with particular reference to items of settlement under the farm operation, with the suggestion that it would be necessary to amend the pleadings in order to have the items of set-off considered. Counsel then asked leave to amend. which was granted; thereupon it was stipulated that the answer might be considered as so amended without interlining the amendment in the answer or filing an amended answer. However, under the stipulations this was specifically limited to the items constituting a set-off. However, on the trial court's statement that payment was an affirmative defense,

plaintiff should then and there have sought to have his answer amended to include the items covered through the checks introduced in evidence if the claim was made that they constitute accord and satisfaction of not only the farm operations, but the room and board as well.

Counsel for appellant also urges very strenuously that the written contract between the parties executed in 1927 precludes defendant-appellee's recovering anything for room and board. It is true that a written contract was entered into between the parties in 1927, and that under the terms of the specific contract Mrs. Wright was not to pay for room and board. Under this contract Mrs. Wright was furnishing all the farming equipment and defendant, for his service, was receiving one-third of the proceeds.

The evidence very clearly shows that some four of five years later the arrangement was changed. Mrs. Wright disposed of her equipment. Thereafter the defendant furnished everything with which to operate the farm and was to receive one-half the proceedings. It is the claim of defendants, supported by evidence, that when this change was made Mrs. Wright agreed to pay for room and board, although no fixed amount was agreed upon. There is no merit in plaintiff's contention that the written contract controlled after the time that Mrs. Wright sold her equipment. Complaint is further made that the cross-petitioner introduced no evidence that the plaintiff-appellant requested the defendant's services for labor and material or that the charge was reasonable.

The evidence was necessarily restricted on both sides, due to the fact that Mrs. Wright was deceased. Under §11495 GC the parties were not permitted to testify except that where the action is upon a book account an interested party may identify and introduce his account book. This was done by the defendant-appellee. Counsel on both sides understood the limitations under the statute, but in an effort to go as far as possible in introducing evidence, the lawsuit developed into a cat and dog fight, with both sides participating. The jury having reached a lump sum verdict in the sum of $1000.00, it is impossible for us to say whether or not anything was allowed under the items of account set out in "Exhibit A".

Before the case was finally submitted defendant admitted that plaintiff's claim of set-off in the sum of $397.50 should be allowed. The trial court so instructed the jury. Under the item covered by the farm operations defendant's account, if allowed in full. exceeded plaintiff's by only $82.00. It might be stated at this time that after impaneling of the jury plaintiff's petition was dismissed at the request of plaintiff's counsel. As heretofore stated, it did get back into the case as a set-off by reason of an amendment to plaintiff's answer.

We find no prejudicial error.

Therefore, the judgment of the trial court will be affirmed and costs in this Court adjudged against the appellant. Cause is remanded for collection of costs and such further proceedings as may be authorized under the law.

GEIGER, PJ., and HORNBECK, J., concur.