## THE C. E. RILEY CO. *v.* THE LEVY OVERALL MANUFACTURING CO.

*Pleading — Bill of particulars and petition distinguished — Municipal court of Cincinnati — Section 1558-12, General Code — Action on account or on contract lies, when — Sales — Defective goods — Rights of buyer — Section 8449, General Code.*

1. A bill of particulars differs from a petition in that the former is an account of the items of a claim, while in the latter it is necessary to describe, in legal language, an application to the court.

2. There is no authority under Section 1558-12, General Code, for the filing of a petition in the municipal court of Cincinnati.

3. Where a contract of sale and the delivery of goods are fully performed and the items of the account are stated, an action on account may be maintained or plaintiff may elect to plead specially on the contract.

4. Where the seller delivers goods which are defective in quality, the buyer has a right under Section 8449, General Code, to refuse to accept the goods, or he may seasonably return them after discovering the defect, but if the buyer retains the goods he can not refuse all payment for the same.

(Decided February 24, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.

*Messrs. Cohen, Mack & Hurtig,* for defendant in error.

CUSHING, J.   Plaintiff in error was plaintiff below.   On August 24, 1914, the defendant, in writing, ordered from plaintiff 75 bales 2.45 denims. The order was accepted and the goods were shipped, and were received and used by defendant. Before using, defendant returned 36 bales, which plaintiff received, and completed the order by de-

livering an equal number. No claim is made on this account. It stands that 75 bales were ordered, shipped by plaintiff; and received and used by defendant.

The agreed price amounted to $11,106.76. Defendant paid $10,728.04. The action was brought in the municipal court to recover the balance, $378.72.

A petition, an answer, and a reply were filed. The petition stated a cause of action on a book account. The evidence disclosed that the goods were sold on a written contract. At the conclusion of plaintiff's case, the defendant moved for judgment on two grounds:

1. That there was a variance between the allegations of the petition and the proof.

2. That plaintiff failed to offer any evidence in support of the allegations which the issues required plaintiff to prove.

The action was not commenced according to law. The statute, Section 1558-12, General Code (104 O. L., 187), provides that "Civil actions and proceedings in the municipal court shall be commenced by filing a bill of particulars," etc.

A bill of particulars differs from a petition in that it is an account of the items of a claim (Swan's Treatise [23 ed.], pages 27, 28 and 30), while in a petition it is necessary to describe, in legal language, an application to a court.

There is no authority in the statute for filing a petition in the municipal court. From this fundamental error, the court and counsel proceeded to more errors.

If a bill of particulars had been filed, or if we treat the petition as a bill of particulars, the court erred in its judgment.

A variance has been defined as "a disagreement between the allegation and the proof in some matter, which, in point of law, is essential * * * to the charge or claim." *Gaines* v. *The Union Transportation and Ins. Co.*, 28 Ohio St., 418.

Items of an account are stated. The contract of sale and the delivery of goods were fully performed. It has been held that an action on account, under such state of facts, is proper.

"With regard to the pleadings it might be said, that they are general in form. The petition is under section 122 of the code, on an account, as has been stated, a copy of which is attached. A petition may be so made, although there was a special contract, if it had been fully performed, or if the additions or modifications had been sanctioned by defendants, and, in such case, *indebitatus assumpsit* would lie, or plaintiff might elect to plead specially." *City of Cincinnati* v. *Cameron*, 33 Ohio St., 336, 356.

The defendant was not misled in regard to the nature and character of plaintiff's claim.

"Where an item of account on which suit is brought is not proved on the trial to the full extent claimed in the petition, but the variance between the allegations and the proof is not such as to mislead the defendant in regard to the nature and character of the claim in controversy, such variance will not prevent a recovery, if the facts proved show a good cause of action." *Ralston* v. *Admr. of Charles C. Kohl*, 30 Ohio St., 92.

The defendant was fully advised by the deposition of plaintiff of the character of plaintiff's claim.

If the question, relied on by defendant in error, turned on whether the book account had been proved by competent evidence, the judgment would be sustained.

"By an account-book is meant a register of the daily business of the party." Swan's Treatise (23 ed.), p. 311.

Invoices are not evidence of book accounts nor of sales.

It is the law that when a seller delivers goods to a buyer that are defective in quality, the buyer may refuse to accept them, or he may seasonably return them after discovery of the defect. If he retains them, he may not do so and refuse all payment. His obligation is subject to the provisions of the statute. See Section 8449, General Code.

Testimony was offered by plaintiff that tended to establish that the denims were of the kind and quality stated in the contract.

Mr. Levy, president of the defendant company, called by plaintiff, testified that the denims were not of the quality called for by the order. This was not conclusive.

The sale, delivery, acceptance, and use of the goods were admitted. The defendant did not avoid full payment according to the terms of Section 8449, General Code. The court erred in rendering judgment for defendant on the motion submitted.

The judgment of the common pleas and municipal courts will be reversed. The cause is remanded to the municipal court with instructions

that an issue be made according to the statutes, and a new trial had.

An order may be prepared accordingly.

*Judgment reversed, and cause remanded.*

SHOHL, P. J., and HAMILTON, J., concur.