No. 705

GRZEZINSKI, et v. PRUSS, et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1874. Decided July 2, 1927.

114. ATTORNEY AND CLIENT—1. Where agreement is made between attorney and client for former's compensation during existence of confidential relation, it is presumptively invalid and burden of showing fairness rests upon attorney.

2. Attorney's fee in divorce proceeding of $1,100, which included $102 for costs, held unreasonable.

Appeal from Common Pleas.
Judgment modified.

First Publication of this Opinion.

WILLIAMS, J.

This action was brought by Grzezinski and Edward H. Ray as plaintiffs, upon a note and mortgage executed and delivered by Joseph and Mary Pruss. The defendants each filed a separate cross petition in which it was set out that the execution and delivery of the note and mortgage was obtained by fraud and misrepresentation. We think that the allegations of the cross petitions are not sustained in the evidence and that the plaintiffs are entitled to recover and to have foreclosure of their mortgage.

It is undisputed that the mortgage was given to cover court costs and pay for legal services rendered by the plaintiffs in a divorce action in which Joseph Pruss was plaintiff and Mary Pruss was defendant, the plaintiff, Stanley A. Grzezinski and the plaintiff Edward H. Ray, having represented the plaintiff and defendant respectively in the divorce action. Of the

amount of $1,100 for which the mortgage was given, the sum of about $102 was for costs in the divorce case and the remainder for attorney fees.

One-half day was actually spent in the trial of the divorce case and at the conclusion of the session the trial judge announced from the bench that he would not grant either party a divorce. Thereupon an adjustment of the property relations was made by which the defendant in the divorce case conveyed to plaintiff a half interest in a piece of real estate, the plaintiff in that case already owning the other one-half. The adjustment was completed by the execution of a proper deed as a part of the transaction in which the note and mortgage in the instant suit were given. It therefore appears that at the time the note and mortgage in question was executed and delivered, the fiduciary relation of attorney and client subsisted. It is a well established rule, that where an agreement is made between an attorney and client for the former's compensation, during the existence of the confidential relation, it is presumptively invalid and the burden of showing the fairness thereof rests upon the attorney. 2 C. J. 735, Sec. 310; 2 R. C. L., 1036, Sec. 120. Question of the fairness and reasonableness of the attorney fees is therefore before this court.

Giving careful consideration to the matter, we find that the attorney fees as represented by the note and mortgage should be reduced by the sum of $400. A decree is therefore entered finding for the plaintiffs in that sum and for foreclosure of the mortgage.

Decree accordingly.

(Richards and Lloyd, JJ., concur.)

Attorneys—Edward H. Ray and Stanley A. Grzezinski for Grzezinski; Stanley A. Konszal for Pruss, et; all of Toledo.