## WILLIAM TAYLOR SONS & CO v BURTON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13245.  Decided Nov 27, 1933

C. J. Parker, Cleveland, for plaintiff in error.

Smith, Olds, Thompson & Harris, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

It is of some importance at this point to state that the record shows that the sales slips were destroyed by the defendant corporation after a lapse of two years in the regular course of its business.

No further evidence being offered, the court rendered judgment in favor of the defendant. An exception was duly noted.

On the question of the exclusion of the ledger from the evidence, there are two inquiries before this court: (1). Are the plaintiff's ledgers admissible as primary evidence under the book account or regular entry exception to the Hearsay Rule without the introduction of the original sales slips covering each item entered on the ledger? (2). Are the plaintiff's ledgers admissible as secondary evidence without the introduction of the original sales slips where such sales slips have been destroyed in the usual course of business?

In the leading case in Ohio, **Leonard v State, 100 Oh St 456,** the court held:

"Shop books kept by a cold storage warehouse company, containing original entries made by the corporation through its duly authorized officers and agents, made in the regular course of business were competent as evidence when identified and verified with the oath of a party competent to testify."

The language of the Supreme Court, found in the opinion indicated clearly the liberal tendency of our courts toward the admission of mercantile books into evidence. The court said:

"Originally, the business of the country was all done by the individual man. He was his own superintendent, manager, foreman, clerk, cashier, bookkeeper, receiving and disbursing agent, but today, it is otherwise. A corporation is largely doing the business of the country. It is made up of enumerable variety of managers, foremen, clerks and employees, each having separate duties and functions to perform in connection with the common enterprise and making and preserving a record of its business transactions. Courts of law and equity must know as judges what they know as men. Common everyday experience must not be ignored to satisfy some merely technical rule, and the several rules of evidence must be so adjusted to our changing business and commercial life as the nature and necessities of the case require for the safe and successful conduct of such business."

It will be seen from the language above cited that the Supreme Court was inclined to consider the necessities of the case. There is a distinct tendency to relax the rules of admissibility of books of account in recognition of the fact that it is required by commercial necessity. 4 Jones Commentaries on Evidence 3290.

In Wigmore on Evidence, §1558, the author lays down the following rule:

"The general rule requiring the production of the original of a writing, here as elsewhere, must be satisfied; the entry offered must be an original. A ledger, though otherwise not objectionable, will usually not be the first book entered up, nevertheless if the **first** book be in fact kept in **ledger** form, it will be none the less admissible. Furthermore, the record admissible is one consisting of a regular series, hence the first regular and collected record is the original one and it is immaterial that it was made up from casual or scattered memoranda preceding it."

"2. In the typical case of entries made systematically and habitually for the recording of a course of business dealings, experience of human nature indicates three distinct though related motives which operate to secure a sufficient degree of probable trustworthiness;

(a). The habit and system of making such a record with regularity calls for accuracy through the interest and purpose of the entrant. It is easier to state what is true than what is false.

(b). Since the entry records a regular course of business transactions, an error is almost certain to be detected and disputed by those dealing with the entrant.

(c). If, in addition to the above, the entrant makes the record under a duty to an employer or other superior, there is the additional risk of censure and disgrace from the superior in the case of inaccuracies. WIGMORE ON EVIDENCE, §1522."

"3. SPECIFIED REQUIREMENTS UNDER THE REGULAR ENTRY RULE. (a). The first general requirement is that the

entry must have been made in the regular course of business.

"(b). The entry offered must, of course, be a part of a system of entries, not a casual or isolated one.

(c). The entry should have been made at or near the time of the transaction recorded."

Wigmore on Evidence, §1523 et seq.

There is a scarcity of authority in Ohio directly bearing upon the question of admissibility of the ledger. Generally speaking, it is true that where the testimony fails to show that an account book is a book of original entries, it should not be received in evidence. **Baxter v Leaf, 28 Oh St 84-89.**

Our attention is challenged to the case of **Burr v Chute, 2 C.C. (N.S.) 343** which holds:

"A ledger containing a correct transcript from account books of original entry is admissible in evidence after proof that account books are destroyed and that the transcript therefrom was correctly made as to the property and amount sold and the price thereof."

— To the same effect, **Kennedy v Dodge, 19 C.C. 425.**

The ledger which the plaintiff offered in evidence satisfied all the requirements so as to bring it within the exception of Hearsay Rule. The plaintiff's ledger undoubtedly became the original book of regular entry. It appearing in addition that the sales slips from which the ledger entries were made up were destroyed in the regular course of business, there is a further reason for the competency of the ledger in evidence.

We are of the opinion that the trial court was in error in striking the ledger of plaintiff from the record and in holding that the same was inadmissible.

Was there prejudicial error in the final judgment of the court which rendered judgment in favor of the defendant?

In the view of the unrefuted evidence of the defendant that he had at no time authorized the opening or carrying on of the account with the plaintiff corporation; that he had furnished his wife all the cash she needed and that he can find no record of any bills embracing the items of the plaintiff's claim, we are of the opinion that the decision of the Supreme Court in **Tille v Findlay, 126 Oh St 658** and reported in The Bar Association Report, July 17, 1933, is in point and we conclude that no

prejudicial error occurred in the erroneous exclusion of the ledger from the evidence. Quoting from the syllabus:

"1. A husband is not unconditionally liable for necessaries furnished his wife.

2. To render a husband liable for necessaries furnished his wife, they must have been furnished on his credit."

The ledger account of the plaintiff appears in the name of Gladys Thayer Burton, the wife, and not in the name of William J. Burton, the husband. The ledger account speaks for itself. It speaks against Gladys Thayer Burton. It does not speak against William J. Burton.

Our conclusion, therefore, is: First, that the trial court committed error in excluding plaintiff's ledger from the evidence as under the modern rule the ledger is competent on the ground of necessity. Second, that in view of the defendant's unrefuted evidence there could be no judgment rendered against him even though the ledger entries were considered in evidence, because said entries speak for themselves only against the person charged therein, namely, Gladys Thayer Burton. They do not speak against William J. Burton.

In view of the above consideration, the judgment of the Municipal Court will be affirmed.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.