**HERKINS, Plaintiff-Appellee, v. PERRIN, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2033.   Decided May 2, 1949.

Shaman, Winer & Schulman, Dayton, for plaintiff-appellee.
George P. Holland, Dayton, for defendant-appellant.

## OPINION

**By THE COURT:**

The appeal is from a judgment of the Common Pleas Court, affirming a judgment of the Municipal Court in favor of the plaintiff in the sum of $175.00 with interest and costs.

The statement of claim was for money due and owing the plaintiff in the sum of $175.00 upon an account for services rendered. A copy of the account was attached, as follows:

```
For Professional Services:
     Services rendered _____$325.00
     Paid on Account _____ 150.00
                                               _____
     Balance due _____$175.00
```

Three errors are assigned to the judgment.

(1) The refusal of the trial court to require plaintiff to elect whether he was proceeding on an account or upon a contract.

(2) Overruling defendant's motion to dismiss at the close of plaintiff's testimony.

(3) In entering judgment for the plaintiff for the reason that it is not sustained by the evidence.

It is urged that the action of the plaintiff was not the proper subject of a book account, it being a single transaction and arising on contract.

Manifestly, the action did arise on contract but that in itself does not preclude the entrance of the transaction relative to the contract into a book account. The action here was clearly stated by the plaintiff to be on an account both in his pleading and in the statement of his counsel. The election to proceed on the account was specific.

The difficulty in this case is to reconcile defendant's exhibits A. and B., being receipts for $5.00 and $75.00, respectively, with the account. The first, Exhibit A., is a receipt from plaintiff to the defendant in which it is stated, "In Re Divorce Fee, applied on account, date, January 30, 1947". Exhibit B for $75.00, dated February 25, 1947, states, "In Re: to apply to Divorce Fee—on account".

The account bears no date whatever as to the time when the services were rendered, the time when the credit of $150.00 was paid and no evidence whatever was proffered in the form of an account, the evidence merely proving the existence of a contract which could have been made the subject of an

account. It will be noted that the total amount set out as representative of services rendered is $325.00, and the only credit is $150.00, which was an allowance made by the trial judge to plaintiff and another counsel for defendant for services rendered by them and each of them in a divorce action wherein the defendant here was plaintiff and her former husband was defendant.

The contract upon which plaintiff entered into performance was to assist in representing her as counsel in her divorce action at Wilmington, Clinton County. The evidence will not bear any interpretation other than that the services performed by the plaintiff were pursuant to his employment to represent the defendant in her divorce action. This is accentuated by statement of plaintiff's counsel at the beginning of the trial as follows:

"This is an action filed by the plaintiff to recover the amount of $175.00, which represents non-payment of the balance of attorney fees for services rendered by Mr. Herkins. Our evidence will show that Mr. Herkins represented her in a divorce action. He received partial payment for his account for services rendered."

The testimony of the plaintiff is all to the effect that the services rendered were in the divorce action and as a matter of fact they were all properly performed in that relation, even though in such representation some check was made of a partition suit between the parties. Counsel for plaintiff in cross-examination seemed to make some point that extra services may have been rendered for which the $75.00 was a payment. This clearly is not supported by the record and is not contended by the plaintiff in his testimony. So that, inasmuch as defendant denied "that there is due and owing the sum of $175.00 for services rendered", Manufacturing Co. v. Haas, 6 O. N. P. 451, it was incumbent upon the plaintiff, electing to proceed upon an account, to establish that there was a balance due of $175.00. **Dykeman v. Johnson, 83 Oh St 126.** The first syllabus is authority to the effect that,

"Where in an action on an account to recover for services rendered, the petition of plaintiff is in short form authorized by Section 5086, Revised Statutes, such petition must be construed to contain and by implication allege, all those facts which it would otherwise be necessary to specifically aver in

the statement of a sufficient cause of action, and every fact thus averred by implication is traversed and put in issue by the general denial."

The account setting out the charge for services rendered to be $325.00, crediting the payments of $75.00, $5.00 and $150.00, establishes credits which should have been allowed in the sum of $230.00, which would leave a balance due plaintiff in the sum of $95.00 only. As the book account, properly stated, clearly began at the time that the contract of employment was entered into, if there was a balance due plaintiff in the sum of $175.00, the total amount charged for services should have been $405.00, instead of $325.00. The only way that the verdict and judgment for the plaintiff may be reconciled is to set up such an account. This would be in direct conflict with the statement which plaintiff attached to his petition, or in disregard of the express acknowledgement in the receipts over plaintiff's signature that the $75.00 and $5.00 credits were received on the account of the divorce action.

It is further urged that the judgment may not be supported because plaintiff offered no evidence as to the value of the services performed by him for the defendant. Upon the denial by the defendant of the amount claimed to be owing plaintiff, the sum for which he sued, the burden was upon him to establish every element of his case, including the reasonableness of the charge for the services performed. Upon the whole record, it seems clear that this action was on an express contract to pay as upon quantum meruit for legal services to be performed by the plaintiff for the defendant in her divorce action.

By final entry in the divorce case in Clinton County, the trial judge required the defendant to pay to the plaintiff for services performed by her lawyers, naming them, one of which was plaintiff here, the sum of $450.00. Plaintiff states that he received $150.00 of this sum and that he did not approve the entry. The fact that the trial judge, who should have been familiar with the services rendered by both counsel, fixed the value thereof at $450.00 is some evidence as to the reasonable value of the services rendered. This, of course, did not preclude a contract between plaintiff and the defendant, his client, for any other sum, but inasmuch as the amount due him was in quantum meruit, the action of the trial judge in the divorce case had some weight. The only testimony adduced by the plaintiff in this respect was the rates fixed by the Montgomery County Bar Association, the minimum charge of which would account for $275.00 for

services in a contested case and for a day and a half trip to and from Wilmington. If the other half day when the plaintiff first went to Wilmington was included, this would be $25.00 more. There is no other testimony relating the schedule of fees to the services performed.

At the trial, counsel for defendant sought time to bring the associate counsel of plaintiff in the divorce case in to testify and this privilege was denied. We can not be critical of the trial judge for this action, although it would have been most helpful to have secured the testimony of the associate counsel upon this material matter of the arrangement between the attorneys as to division of fees. This is expressly true because the court had admitted statements made by associate counsel to the plaintiff in the absence of defendant as to the division of any fees that might be allowed by the court. This testimony was admitted over objection.

Proof of the reasonableness of the charges for the services as claimed by the plaintiff devolved upon him. The **W. H. Davis Dye Company v. The Beltz-Hoover Electric Company, 40 Oh Ap 308, 1 C. J. S. 604.**

We are not unmindful of the fact that plaintiff testified that he fixed his fee as to the amount after the divorce decree and that he told the defendant that she would owe him a balance of $175.00, crediting $150.00 as the allowance made in the divorce case on his charge. This fixing of the fee was done while the relationship of attorney and client subsisted between the parties and would be subject to clear proof of the fairness of such a contract. A different rule applies as to the obligation of the attorney to his client respecting a contract for fees if made before the relationship of attorney and client subsists than if made during such relationship. **4 O. Jur. 484; Grezeziniski v. Pruss, 5 Abs. 627.**

We are of the opinion, however, that the evidence upon its entirety requires the conclusion, as we have before stated, that what is presented here on behalf of the plaintiff is proof of an express contract between counsel and client whereby he was to perform legal services for the client in her divorce case, a refusal to fix any specific charge, thereby relying as to the amount of his fee upon what his services were reasonably worth.

We do not consider the specific defense of the defendant that there was an express contract wherein plaintiff agreed to perform the services in full for $160.00 and not over $200.00. Defendant's testimony to that effect was supported by two other witnesses but the court had the right upon this affirmative defense to hold against her.

Upon the issues drawn on the pleadings of the parties and the evidence, in fairness to the appellant, we can not permit this judgment to stand without crediting her for the sum of $80.00 on account in the divorce case, which is according to the specific terms of the receipts. Nor can we increase the amount of the total charge set up in the account which plaintiff states is the basis of his action. So doing, the defendant is clearly entitled, as the record now stands, to a further credit of $80.00. This leaves a balance due the plaintiff of·$95.00. Because of the view that we take of this appeal, we could not order a remittitur without prejudicing the rights of the defendant. However, if the defendant will consent to a reduction of the judgment from $175.00, with interest and cost, to $95.00 with interest and cost, and the plaintiff will enter a remittitur in this court of all over that sum, the judgment of the plaintiff will be affirmed in that amount. If this is not done, the judgment will be reversed on the ground that it is against the manifest weight of the evidence; that plaintiff has failed as a matter of law to make proper proof that $175.00 is due and owing to him because of his failure to prove the reasonable value of his services and to give credit to the defendant for the $80.00 represented by the defendant's receipts, exhibits A. and B.

Judgment accordingly.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.