Cole Associates, Ltd., d. b. a. Humpty Dumpty Potato Chip Co., Appellee, v. Lockhart, Appellant.

(No. 7682—Decided December 8, 1964.)

*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. Michael D. Rose,* for appellee.

*Messrs. Tuttle & Britt* and *Mr. Joseph H. Hans,* for appellant.

Bryant, J. William L. Lockhart, appellant herein, defendant below, has appealed to this court on questions of law and fact, later reduced to questions of law only, from a judgment of the Columbus Municipal Court. This judgment was for $1,882.53 with interest and costs, and was rendered in favor of Cole Associates, Ltd., a foreign corporation, appellee herein, plaintiff below, hereinafter referred to as "Cole."

The proceeding was begun in the court below with the filing by Cole of a petition on account in short form, which, in addition to the heading, caption, prayer and verification, consisted of two paragraphs reading as follows:

"1. Plaintiff is a corporation duly organized and existing under the laws of the province of Quebec, Canada, is duly qualified in and authorized to conduct business in the State of Ohio, and does business in the State of Ohio under the name Humpty Dumpty Potato Chip Co.

"2. Plaintiff says there is due it from the defendant upon an account, a copy of which is attached hereto, marked 'Exhibit A,' and made a part of this petition by reference as if fully rewritten herein, the sum of one thousand eight hundred eighty two and 53/100 dollars ($1,882.53), which sum plaintiff claims, with interest thereon at six per cent (6%) per annum from the 28th day of September, 1963."

Exhibit A referred to in and attached to the above petition, which is identical with plaintiff's Exhibit 1, the only exhibit introduced at the trial, is a statement of the account claimed to exist between William L. Lockhart and Humpty Dumpty Potato Chip Company, including an undated balance forward and dated charges and credits for a three-week period between September 7 and 28, 1963. Omitting the printed name and address, Exhibit A reads as follows:

"Bill Lockhart

This is your statement. We appreciate your business.

| Date | Reference | Charges | Credits | Balance |
|---|---|---|---|---|
| Balance Forward | | | | 1826.90 |
| Sep 7'63 | 9,301 | 815.84 | | 2,642.74 |
| Sep 7'63 | 9,301 | | 100.11 | 2,542.63 |
| Sep 7'63 | 9,301 | | 586.04 | 1,956.59 |
| Sep 7'63 | 9,301 | 646.82 | | 2,603.41 |
| Sep14'63 | 9,302 | | 83.97 | 2,519.44 |
| | | | .18 | 2,519.62 |
| Sep14'63 | 9,302 | | 500.81 | 2,018.81 |
| Sep21'63 | 9,303 | 632.32 | | 2,651.13 |
| Sep21'63 | 9,303 | | 53.65 | 2,597.48 |
| Sep21'63 | 9,303 | | 24.58 | 2,572.90 |
| Sep21'63 | 9,303 | | 471.86 | 2,101.04 |
| Sep28 | 9,304 | .60 | | 2,101.64 |
| Sep28 | 9,304 | | 197.87 | 1,903.77 |
| Sep28 | 9,304 | | 21.24 | 1,882.53" |

Counsel for Lockhart filed a motion to make definite and certain, asking the court for an order to require Cole to attach "an actual and complete itemized account of [sic] its petition and by stating what the account is for." In the brief supporting the motion, reliance was placed upon the provisions of Section 2309.34, Revised Code, and it was contended that "defendant can not tell from plaintiff's petition the quantity of

374

merchandise which is the subject of the alleged account to be due plaintiff." In opposition to the motion, counsel for Cole cited Section 2309.32, Revised Code, authorizing suits on account in short form and contended that this section relieved the pleader "from the burden and expense of attaching the detailed statements required by the common law."

Reference is also made by counsel for Cole to an alleged "course of dealings between the two parties" and also to the situation "where the claim has been itemized" in further opposition to the motion. The principal objection on behalf of Lockhart was to the "Balance Forward" item for $1,826.90, appearing at the top of the exhibit. The court below overruled the motion to make definite and certain, after which Lockhart filed an answer entering a general denial to the allegations in the petition.

The matter came on for trial before a judge of the court below sitting without a jury, at which two witnesses were called on behalf of the plaintiff and one exhibit was offered and admitted in evidence, namely, "plaintiff's Exhibit 1," which, as stated above, is identical with Exhibit A, attached to the petition and set forth above.

The first witness offered on behalf of Cole was Billy Otter who identified himself as a shipping clerk at the time when Lockhart was working for Cole. He identified Lockhart as a distributor and salesman for Cole and stated that he loaded Lockhart's truck, stating "I just went, pulled the merchandise and shoved it out the window on conveyors to his truck." Otter's testimony was rendered difficult to follow by his statement that the "period of time you were working as a shipping clerk" was "from January, '64 until last month." The final dealing between Lockhart and Cole, according to the account, was September 28, 1963.

The principal witness for Cole was Charles Davis who identified himself as "office manager for Buckeye Foods" and who has worked for Buckeye Foods or Cole "since the last part of May, 1963." He described in some detail his duty in performing "the administrative functions of the company, including accounts receivable and general accounting work." He also detailed the procedural steps by which a distributor working

for the company was charged for merchandise taken out and given credit for return of merchandise to stock, credit sales to authorized credit customers or cash payments directly to the company. He stated that such charges and credits were made "in the ordinary course of business" and "at or near the time of the transaction." He also described a monthly account on which such merchandise and other charges and credits are set forth, stating "and then monthly the first copy is rendered to—to the debtor."

He identified plaintiff's Exhibit 1 as "the final amount owed by Bill Lockhart" which he stated amounted to $1,882.53, and he stated without reservation that there had been no "alterations or changes made on it since the time it was made." He testified further with reference to a conference with Lockhart at the time Lockhart left the employ of the company. His testimony with reference to the final account, and Lockhart's challenge thereof, is as follows:

"Q. After he terminated his employment, he would have credits from your trade customers or something? A. No sir; not so much; them as it was the final inventory that he turned in. He had an inventory on his truck that he relinquished to us at that time.

"Q. Did you show him this statement? A. Yes; I did.

"Q. Would you tell us what happened; what transpired? A. Mr. Lockhart and Mr. Jones, the general manager, and myself were in Mr. Jones' office, and we discussed the balance that we showed as owing with Bill. *He said that he did not agree with it,* and would go home and gather his records together and contact me, see if we could arrive at an equitable amount. Well, I asked him to get his work together and bring it in and we would go over it, compare it with our records, and I have heard nothing from him after that." (Emphasis added.)

On cross-examination, Davis was asked to explain the undated "Balance Forward" figure of $1,826.90 at the top of plaintiff's Exhibit 1, and he stated that he was unable to tell exactly what loads of merchandise made up that figure, but that it represented the difference between merchandise taken out and what Lockhart had paid to the company, his testimony reading as follows:

"Q. Could you tell me of what the balance brought forward the $1826.90, what that would consist of? A. Exactly what loads it would consist of?

"Q. Yes. A. No, sir; I can't. He did not pay any specific invoice as such. In other words, he never came in a particular time and said 'here is the money to pay for load number 5162' or something like that.

"Q. No, I mean, starting out with the balance forward of $1826.90, could you tell me just what that figure stands for? A. It stands for the difference between what he had taken out and what he had paid in to us."

The trial court attempted to elicit from the witness the period of time during which the $1,826.90 balance was accumulated, but without success, the testimony with respect thereto reading as follows:

"The Court: Over what period of time did that $1826.90 when did that take place?

"The Witness: That is a cumulative balance, sir, as of June 30, 1963. We had an audit by an independent accounting firm and they submitted—"

Upon further questioning with reference to the balance forward item, it was developed that as of June 30, 1963, or thereabouts, the figures on the records kept by Cole were changed and an increase was ordered by direction of an unnamed person or persons who appear to have been temporarily employed by Cole to make an audit. It appears further that some amount was added to Lockhart's account, not for potato chips or other merchandise, but for truck repairs and insurance premium, and that such charges had originated before Davis started working for Cole. Upon cross-examination of Davis as to the figure of $823.05, not identified in the record as to date or circumstances, the following testimony was given by Davis:

"Q. Isn't it true that this $823.05 is for the repair— A. No, sir; it is not true. It possibly could comprise a portion of it, but certainly is not true for all of it.

"Q. Do you have any knowledge of this truck repair? A. I was informed when I questioned the auditor concerning the difference between his balance and mine.

"Q. And what was that difference? A. And he said it was

due to insurance and repair bills arising prior to my arrival at the company.

"Q. And what was the amount of that difference? A. I'm afraid I couldn't tell you, sir. It's a part of the accounting firm's work papers, but I don't have present access to them.

"Q. Do you know whose name that truck was in? A. It was in the name of Mr. Lockhart at that time.

"Q. Do you know of your own knowledge? A. No, sir; not of my own knowledge I do not know that. I do know during the time in question they were under a distributorship operation whereby the trucks were owned individually by the man involved.

"Q. Did your company own any trucks at all at that time? A. Yes, sir; they did.

"Q. Were these entries—are these entries that you made yourself? A. That I made personally?

"Q. Yes. A. No; I did not."

Davis testified further as follows:

"Q. Would you know if there is a balance due from Mr. Lockhart to your company for some work done on a truck? A. Now, as I say, this is hearsay, I was merely talking to the auditor on the phone, questioning him about it; and as I recall a portion of that was due to insurance, repair charge and truck repair charge that were paid by the company on Mr. Lockhart's truck.

"Q. But you don't know whether the truck was in Mr. Lockhart's name or the company's? A. No, sir; not being in—

"Q. And further, Mr. Davis, you don't know the amount of these repairs and insurance?"

Counsel for Cole offered plaintiff's Exhibit 1 in evidence, and counsel for Lockhart objected on a number of grounds primarily because of the claimed failure of Cole to furnish detailed evidence in support thereof. The trial court overruled the objection and admitted the exhibit. The defendant offered no evidence, and the court entered judgment in favor of Cole in the sum of $1,882.53 plus interest and costs as prayed for in plaintiff's petition.

The single error assigned on behalf of Lockhart is the claimed error of the court "in admitting plaintiff's Exhibit No. 1 into evidence." The statute authorizing the use of a petition

on account in short form is Section 2309.32, Revised Code, which reads as follows:

"In an action or counterclaim founded upon an account, or upon an instrument for the unconditional payment of money only, it is sufficient for a party to set forth a copy of the account or instrument, with all credits and the indorsements thereon, and to state that there is due to him, on such account or instrument from the adverse party, a specified sum which he claims, with interest. *When others than the makers of a promissory note, or the acceptors of a bill of exchange, are parties, the facts which fix their liability also must be stated.*" (Emphasis added.)

While it is not specifically pointed out as an objection, it seems clear that the above statute, except in those cases involving a suit against the makers of a promissory note or the acceptors of a bill of exchange, requires the petition to state the facts which fix the liability of the party charged. If this be an indispensable allegation, it would seem to follow that there must be proof in support thereof. We have been unable to find any such allegation in the petition or for that matter any evidence which would support such allegation.

As hereinabove pointed out, the first paragraph of the petition in considerable detail alleges the corporate capacity of Cole, that it is a corporation organized under the laws of the province of Quebec, Canada, and that it has been admitted to do business in Ohio. We note from the record that defendant entered a general denial to all of the allegations of the petition. So far as we can observe, the record is devoid of any evidence whatsoever having to do with the allegations of the petition relating to the formation and existence of plaintiff, or its admission to do business in Ohio.

As stated before, the principal objection urged by counsel for Lockhart relates to the only exhibit offered on behalf of Cole, plaintiff's Exhibit 1. It would appear that counsel for Cole have been treating this as an "account stated." It would also appear that the court below made this assumption.

So far as plaintiff's Exhibit 1 is concerned, in our opinion, it fails utterly to qualify for an account stated for the reason, among others, that when it was exhibited to Lockhart he disputed the accuracy of it then and there and said he would go

home and get his own records in support of his contention that it was in error.

Nothing shown in this record indicates or suggests that Lockhart made any admission as to the correctness of this account or that there was any assent, either expressed or implied, to its correctness, these being indispensable elements of an account stated. The rule applicable in such cases is set forth in 1 Ohio Jurisprudence 2d 190, Section 33, which provides in part as follows:

"An account stated is an *agreed* balance of accounts, express or implied, and presupposes *an absolute acknowledgment or admission* of certain sums due or an adjustment of accounts between parties, striking a balance, and *assent, express or implied.* It has been said that an account stated is *an agreement between parties* between whom there has been an account. It is predicated upon the relation of debtor and creditor, prior to the statement of the account. * * *" (Emphasis added.)

It seems to us obvious that plaintiff's Exhibit 1 was improperly admitted, that its admission was prejudicial, and that Lockhart was entitled to the additional information sought. Whatever else an account may be, and there are many definitions, it must contain charges and credits with sufficient particularity that the accuracy thereof may be tested. A balance forward which even lacks a date does not satisfy the minimum requirements.

There is the implication that the balance in Lockhart's account as of the close of business on August 31, 1963, or on September 1, 1963, was $1,826.90, but this is shown to be incorrect by the undisputed testimony of Davis that this figure was "a cumulative balance, sir, as of June 30, 1963." It is further undisputed that the balance did not reflect charges and credits for merchandise in the ordinary course of business entered on the company's records at or near the time of the transaction but, on the contrary, included items, perhaps of substantial size, which were totally unexplained either in the pleadings or by the testimony and concerning which apparently witnesses for Cole failed and refused to testify.

Counsel for Cole rely upon the decision in *Hudson* v. *Myers* (1933), 13 Ohio Law Abs. 732, decided by the Court of Appeals for Summit County. It is true that that was a petition in short

form on account described as "Amount of previous statement, $4,638.36." The action was brought to recover for services of an attorney at law in a lawsuit involving the defendant tried several years previously. In the *Hudson case, supra,* defendant asked for particulars and also attached interrogatories to his answer, which went unanswered. The Court of Appeals clearly and specifically held that the trial court committed error in refusing both the motion for particulars and the request for information in the interrogatories. It was clearly shown at the trial in the *Hudson case, supra,* that the defendant had received a detailed statement setting forth all the information requested, and further that defendant not only had this information in possession when he filed his motion for particulars but that he also had it in possession at the time of trial, and, in addition, plaintiff *introduced into evidence his original book of accounts* containing in fullest detail the amount and date of each charge. Under those circumstances which are quite dissimilar from the facts before us, the Court of Appeals held that the errors were not prejudicial.

There is, of course, a broad and basic distinction between an account and the mere balance of an account. As stated in *McWilliams* v. *Allan,* 45 Mo. 573, 574, this distinction is described as "resembling the distinction in logic between the premises of an argument and the conclusions drawn therefrom."

As to the propriety of the use of a motion to make definite and certain in such cases, see *Trustees of School Section 16* v. *Odlin* (1858), 8 Ohio St. 293; *Schrock* v. *Cleveland, Recr.* (1876), 29 Ohio St. 499; *Railway Co.* v. *Iron Co.* (1888), 46 Ohio St. 44, paragraph one of the syllabus; and *New York, Chicago & St. Louis Rd. Co.* v. *Kistler* (1902), 66 Ohio St. 326, paragraph one of the syllabus.

For the reasons set forth above, we are of the opinion that the single assignment of error is well taken and must be sustained, the judgment of the court below must be reversed and set aside and the cause remanded to the court below for further proceedings in accordance with law and this opinion.

*Judgment reversed.*

Duffy, P. J., and Troop, J., concur.