Brown et al., d. b. a. General Tool & Engineering Co., Appellees, *v.* Columbus Stamping & Mfg. Co., Appellant.

[Cite as Brown v. Columbus Stamping & Mfg. Co., 9 Ohio App. 2d 123.]

(No. 8493—Decided January 24, 1967.)

*Mr. Gene A. Jones,* for appellees.
*Mr. Nelson Lancione,* for appellant.

Troop, J. Plaintiffs, as members of a partnership doing business as General Tool & Engineering Company, filed an action on an account in the Common Pleas Court of Franklin County. The petition was a so-called short form pleading as authorized by Section 2309.32, Revised Code. Plaintiffs claim a specified sum ''for labor and equipment furnished to defend-

ant corporation per duplicate invoices attached hereto, made a part hereof, and marked Exhibit A.''

Defendant, Columbus Stamping & Mfg. Co., answered admitting the partnership and its own corporate nature. Further answering, ''defendant corporation says that it is not indebted to plaintiff on an account stated and that, in fact, plaintiffs have been overpaid by the defendant corporation * * *.'' Defendant also filed a cross-petition praying for damages and alleging misrepresentation and breach of warranty.

Preliminary motions were disposed of, other necessary pleadings supplied, and the cause came on for hearing before the trial court, without a jury, and judgment was entered in favor of plaintiffs for the amount prayed for, and the cross-petition of the defendant was dismissed. A motion for a new trial was overruled. It is from the judgment and final order that this appeal is taken on questions of law.

Defendant supports the appeal upon three assignments of error—the trial court erred in overruling defendant's motion to dismiss plaintiffs' petition made at the conclusion of the plaintiffs' case, and, in overruling defendant's motion for a new trial, and for other errors apparent of record.

Very early in the history of the short form pleading, the Common Pleas Court of Cuyahoga County laid down a fundamental rule which is set out by the text writers in 1 Ohio Jurisprudence 2d 177, Section 15, and which seems to be the prevailing rule until today. In *Beck* v. *Ball* (1878), 1 Cleveland L. Rep 147, 4 O. D. Rep. 233, at page 148, the court says:

''We think, if the brief method of Section 122 is to be adopted, there must be a substantial compliance with it. It is laid down by the authorities, clearly we think, that those brief statements and averments are, by force of the statute, made equivalent to an express declaration of a promise to pay and of consideration, or that the material was had at the request of the defendant, and delivered by the plaintiff at his request. All these averments are included in this brief method of pleading; and they are so included by force of the statute, and take the place of the express averments which were always necessary under the old form of pleading. We think there must, therefore, be a substantial compliance with the section, in order

to make it have the effect which the statute says it may have."

In order for a petition in the short form to qualify as an acceptable pleading there must be substantial compliance with the provisions of Section 2309.32, Revised Code. The portion of the section applicable in the instant case reads as follows:

"In an action * * * founded upon an account, * * * it is sufficient for a party to set forth a copy of the account * * *, with all credits * * * thereon, and to state that there is due to him, on such account * * * from the adverse party, a specified sum which he claims, with interest. * * *"

The statute is clear. In an action on an account the party must set forth the "copy of the account." A series of copies of invoices does not constitute an account. The examination of many of the very many decisions applying and interpreting the short form pleading section reveals a variety of points of view, but, however liberal the view, no decision goes so far as to relieve the pleader of the requirement of attaching a formal account and to permit the substitution of a number of uncorrelated slips, papers, or copies of invoices.

There is much abuse of the short form pleading, especially its use when action on an account is involved. Courts have been inclined toward liberality which many times resembles laxity. A part of our confusion arises from an inadequate concept of an account. Some fundamentals must be respected.

One of the best examples of an account capable of use in the short form pleading is found in *Ludwig Hommel & Co.* v. *Incorporated Village of Woodsfield* (1927), 115 Ohio St. 675. Beginning at page 681, Judge Allen refers to the account under consideration as a mutual running account where there is a presumption that all transactions between the parties are a part of that same account, and the balance due is considered to be one demand. Such mutual dealing over a period of time is basically contractual, and the summarization of charges and credits into an account provides the ideal basis for the use of the short form pleading.

Courts have approved the use of the short form, on an account, when only one transaction is involved, as found in *Herkins* v. *Perrin* (1949), 55 Ohio Law Abs. 328. A combination of separate and distinct transactions frequently appears in a

single account. The account may, therefore, be simple or complex and be regarded as proper. Whatever the basic structure of the account, certain fundamentals should appear.

An account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due.

A copy of a ledger sheet, or an accounts receivable record, will ordinarily meet the requirements of an account. In *William Taylor Sons & Co.* v. *Burton* (1933), 46 Ohio App. 398, at page 404, the court held that "under the modern rule the ledger is competent on the ground of necessity." As the text writers put it, 21 Ohio Jurisprudence 2d 599, Section 581, citing *William Taylor Sons & Co.*, and others:

"* * * The ledger is the first complete, tangible, permanent record of the account, and the ledger sheets are now generally held to be admissible. * * *"

Ledger accounts summarize records taken from books of original entry. Under the "shop book" rule, a ledger sheet, or account, was not admissible in evidence, but more modern practice generally takes the opposite view. A copy of a ledger account attached to a short form petition, and made a part thereof, will generally provide the account required by Section 2309.-32, Revised Code. It has the virtue of setting out what the plaintiff expects to prove at the time of trial in an arrangement permitting attack upon individual items. It supports the inferences permissible under the short form pleading, such as completion of a contract, consideration, delivery, and that the accounting process has included the completed transaction in the calculation of its ultimate statements and, therefore, a demand for payment is proper.

Plaintiffs' short form petition was faulty. It should have been attacked by motion. It was not. It is not clear whether the claimed account was controverted by the defendant's answer. The answer says that the defendant is "not indebted

upon an account stated." No account stated is alleged. See *Cole Associates* v. *Lockhart* (1964), 2 Ohio App. 2d 372, at page 379, for the definition of an account stated used by the court and quoted from 1 Ohio Jurisprudence 2d, page 190, Section 33. Neither is defendant's allegation concerning payment entirely lucid. Defendant claims that the plaintiffs have been "overpaid" by the defendant. Perhaps defendant means payment in cash, or, overpaid because plaintiffs owe defendant more than defendant owes the plaintiffs. It ought not to be necessary to surmise.

Perhaps the defendant waived any objection to the plaintiffs' "account" by failing to attack it by motion. The plaintiffs proceeded, however, to prove their case by the introduction of the invoices, the same or copies of those attached to the petition. The invoices do not constitute an account and neither are they admissible as evidence. In the case of *C. E. Riley Co.* v. *Levy Overall Mfg. Co.* (1919), 10 Ohio App. 261, at page 264 the court held:

"Invoices are not evidence of book accounts nor of sales."

Invoices are not books of original entry as required by the "shop book" rule. 21 Ohio Jurisprudence 2d 616, Section 596. Varying uses of invoices make them unsatisfactory as evidence. For example, they are frequently only memoranda used to advise of a sale on consignment, a note to an insurance company to secure coverage on a shipment of merchandise, a shipping notice, or other quasi-accounting uses, none of which supports the implications of the short form pleading or the reliability and significance of a book of original entry.

If the petition herein had been adequate and properly controverted by a completely effective answer, the burden would have been upon the plaintiffs to prove all the elements of their cause. *Dykeman* v. *Johnson* (1910), 83 Ohio St. 126. Particular portions of the record emphasize the failure of plaintiffs to sustain the burden of proof and point out the practical importance of a proper account. When asked if the invoices were prepared for the lawsuit, Mr. Brown replied that he did not know. He testified upon further inquiry that the invoices (plaintiffs' Exhibits 1 thru 25) were not copies of original invoices held by them, but that they were copies of copies. That Mr. Brown needed the assistance of a ledger account is clear from his testi-

128

mony also. It was suggested that $1,500 has been paid on the account, and Mr. Brown was asked when it was paid. His reply was, "I only know from my sheet, I wouldn't know otherwise." A similar answer came upon further questioning. The court recognized the usefulness of a ledger account by its comment.

No ledger sheet was introduced into evidence. There was no account pleaded or proved before the trial court. A statement contained in plaintiffs' trial brief filed April 12, 1965, indicates they might have abandoned the account approach. It reads as follows:

"Plaintiff's cause of action having accrued for sales made during 1960 and 1961, it is subject to the provisions of Uniform Sales Act, Sections 1315.01 through 1315.76."

Whatever the approach, the evidence produced by the plaintiffs fails completely in support of an action on account, even if well pleaded, or an action in contract for sales made and completed. The court erred in overruling defendant's motion to dismiss the petition of the plaintiffs made at the conclusion of the plaintiffs' case.

The judgment of the trial court is reversed and the cause remanded for the amendment of the pleadings and for a new trial.

*Judgment reversed.*

DUFFY and DUFFEY, JJ., concur.