F. E. LONGSTRETH CO. *v.* CHARLES VANGROV & SON, INC.

[Cite as Longstreth Co. v. Charles Vangrov & Son, Inc. (1970), 27 Ohio Misc. 15.]

(No. D-99818—Decided August 20, 1970.)

Dayton Municipal Court.

16

*Messrs. Talbot, Jennings & Ducker* and *Mr. John T. Ducker*, for plaintiff.
*Messrs. Goldman, Bogin & Fox* and *Mr. Dennis L. Patterson*, for defendant.

RICE, J. The plaintiff in the captioned cause has filed a "short form pleading" bringing suit on an account alleging that the defendant owes the plaintiff the sum of $899.15.

This cause came on to be heard upon the motion of the defendant to strike the plaintiff's complaint from the files for the reason that the "account" attached to the plaintiff's complaint does not constitute a copy of the account as required by R. C. 2309.32 as that section is defined and explained by the case of *Brown* v. *Columbus Stamping & Mfg. Co.*, 9 Ohio App. 2d 123.

The new Ohio Rules of Civil Procedure eliminate the necessity of "short form" pleading previously authorized by Ohio law under R. C. 2309.32. Essentially, all pleading is now of the brevity previously permitted for pleadings involving accounts. See McCormick, Ohio Civil Rules Practice 106, Section 5.16.

Under the new rules, however, it is still mandatory that "when any claim * * * is founded on an account * * *, a copy thereof must be attached to and filed with the pleading." See Rule 10(D).

Rule 10(D) does not "spell out" in detail what the required "account" must contain in order to be sufficient. Obviously, it is still necessary that an accurate and complete account, which would include proof of all credits, be proved. See McCormick, *supra*, page 109, Section 5.21.

In view of the foregoing, it would appear to the court that reference must be had to statutory and case law, pre-existing the effective date of the new rules, in order to determine the sufficiency of an "account" attached to a complaint under the new rules.

The defendant has filed a motion to strike the plaintiff's pleading from the files. Unlike the former Ohio rules (R. C. 2309.70), there is no specific provision in the new

rules for a motion to strike from the files. However, a court has an inherent right to strike pleadings from a file in certain instances. Courts often, under the old rules, would order the striking of an entire pleading when the rules of pleading are violated in a gross manner. The defendant, in the case at bar, is claiming that the plaintiff's pleading is insufficient. Reference must be had to the case law pre-existing the effective date of the new rules in order to determine whether this type of insufficiency of pleadings could be the subject of a motion to strike the plaintiff's complaint from the files. Under the old rules, the Supreme Court held that it does not approve of the practice of using a motion to strike from the files in place of a demurrer. *Robinson* v. *Fitch*, 26 Ohio St. 659. The court holds that this is not the proper remedy.

Likewise, a motion to strike under Rule 12(F) would not be the proper remedy to attack a claim which is insufficient in the manner stated by the defendant. According to McCormick, *supra*, page 132, Section 6.10, motions to strike are disfavored and rarely used in federal practice, and are sustained only when it appears that the matter sought to be striken has no possible bearing on the subject matter of the litigation and would be prejudicial to the moving party. Although an insufficient claim may be the subject of a motion to strike, the provision should not be interpreted as being a substitute for a motion to dismiss for failure to state a claim under which relief can be granted. The motion to strike should be restricted only to a claim which is completely redundant, immaterial, impertinent or scandalous.

Both the foregoing paragraphs indicate to the court that the proper motion to file in the instant case would have been the new civil rules equivalent of the now obsolete demurrer, to wit: a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(B)(6). In the interest of justice, the defendant's motion will be considered as such.

A perusal of the plaintiff's complaint and attached "account," read in light of R. C. 2309.32 and the *Brown*

*case*, indicates that the defendant's motion is well taken and should be sustained:

1. The plaintiff has filed a "short form" complaint in a suit on an account and has attached to said complaint a single invoice purporting to show the total amount owed as well as a series of invoices bearing different dates and amounts, the total of which amounts to more than the single invoice and more than the amount sued for.

2. According to the *Brown case, supra*, which purports to interpret the provisions of R. C. 2309.32, in order for a petition on an account in the short form to qualify as an acceptable pleading, there must be substantial compliance with R. C. 2309.32 and a series of copies or invoices (as was done in the case at bar) does not constitute a copy of an account as required by R. C. 2309.32.

3. Again, according to the *Brown case*, with reference to the single invoice purporting to show the total amount owed, said invoice must show the name of the party charged and contain: (a) a beginning balance (zero or a sum that can qualify as an account stated, or some other provable sum; (b) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (c) summarization by means of a running or developing balance, or an arrangement of beginning balance and the items which permit the calculation of the amount claimed to be due.

It is thus clear that whether the plaintiff relies on the single invoice or the series of invoices, the "account" does not meet the requirement of either the *Brown case* or R. C. 2309.32. The "short form" pleading is thus defective under the new rules as well.

Wherefore, the motion of the defendant to dismiss the plaintiff's complaint is sustained in its entirety, and the plaintiff is given leave to amend his pleading within fourteen days from date.

*Motion to dismiss sustained.*